759 So.2d 257 (2000)
Michael Arden JOHNSON
v.
Phylis Denise JOHNSON.
No. 99-1933.
Court of Appeal of Louisiana, Third Circuit.
April 19, 2000.
Writ Denied May 31, 2000.
Jack W. Caskey, Attorney at Law, Lake Charles, LA, Counsel for Plaintiff/Appellee.
Randy J. Fuerst, H. Aubrey White, III, Stockwell, Sievert, Viccellio, Clemments & Shaddock, LLP, Lake Charles, LA, Counsel for Defendant/Appellant.
(Court composed of Judges ULYSSES G. THIBODEAUX, OSWALD A. DECUIR, and ELIZABETH A. PICKETT).
PICKETT, Judge.
The defendant, Phylis Denise Johnson, appeals a judgment of the trial court designating the plaintiff, Michael Arden Johnson, the domiciliary parent of their minor child, Patrick, and finding that it would be in Patrick's best interest to live in Lake Charles with his father, instead of in St. Louis, Missouri with his mother. For the reasons set out below, we reverse and remand.

FACTS
The plaintiff, Michael Arden Johnson, and the defendant, Phylis Denise Johnson, now Mrs. Keller, were divorced by a judgment signed on March 25, 1993, and filed on April 8, 1993. The parties were awarded joint custody of their minor child, Patrick Arden Johnson, born February 19, 1990, with Mrs. Keller designated the domiciliary parent. On November 24, 1998, Mr. Johnson filed a petition to contest the relocation of Patrick and to modify the joint custody plan. This petition was in response to a letter he received dated November 12, 1998, notifying him of Mrs. Keller's intent to relocate with Patrick and her new husband to St. Louis, Missouri.
At trial, the court ordered the parties, their current spouses, and Patrick to submit to a psychological evaluation. On July *258 22, 1999, the court ordered that the psychological report of Dr. Ann Pittman Menou be filed into evidence, and the matter taken under advisement. There was no testimony or cross-examination of the expert by the court or counsel. Patrick remained in St. Louis with Mrs. Keller. Soon thereafter, Patrick was registered for and began school in St. Louis in August 1999.
The trial court entered its written reasons for judgment on August 23, 1999. The court designated Mr. Johnson as the domiciliary parent, and that Patrick reside with him. A formal written judgment was signed on September 1, 1999. On September 8, 1999, Mrs. Keller filed a Rule for New Trial, alleging numerous specifications of error. A hearing on the Rule for New Trial was held on September 28, 1999, and by formal judgment, the trial court denied the new trial. Mrs. Keller now appeals.

OPINION
The defendant, Phylis Denise Johnson, asserts eight specifications of error: (1) The trial court committed error in not relying on the substance of the sole expert report, but instead based its holding on a hearsay statement of speculation contained therein; (2) The trial judge committed reversible error by interviewing the child in chambers on two separate occasions without making a record of the interview and without permitting counsel to be present during the interviews and then found the interviews and preference of the child irrelevant; (3) The trial court's award of domiciliary custody to the father, and thereby refusing to allow the child to relocate with his mother, is contrary to the law and evidence; (4) The trial court ordered the step parents to be included in the psychological evaluations, yet changed the primary domiciliary custody to the father, before the step parents had been evaluated; (5) The trial court improperly admitted the psychological evaluation report of the court's expert into evidence without permitted cross-examination by the parties; (6) The trial judge committed gross error in rejecting the private interview preference of the nine and one-half year old boy based on the prayers of the child; (7) Denise Keller receives [sic] inadequate visitation rights in the proposed custody plan; and (8) The plaintiff failed to allege and prove a change of circumstances sufficient to change the domiciliary custody of the child.
We will address assignments of error numbers 3, 6, 7 and 8, which pertain to the court's application of this state's "relocation statute" La.R.S. 9:355.1 et seq. to the evidence adduced at the hearing. Because we find the court erred in its application of the "relocation statute," it is unnecessary to address the remaining assignments of error.
The minor child, Patrick Arden Johnson, had been in the joint custody of his parents for approximately six years. Phylis Denise Keller had been designated domiciliary parent under the joint custody plan. As required by La.R.S. 9:355.4, Mrs. Keller sent notice to Mr. Johnson on November 12, 1998, advising him of her intention to relocate with Patrick to St. Louis, Missouri where her new husband had secured a coaching position. Mr. Johnson filed a Petition to Contest Relocation and for Modification of Joint Custody Plan on November 24, 1998.
The matter did not come before the trial court for hearing until May 19, 1999. At that time, the court appointed Dr. Ann Pittman Menou to conduct psychological evaluations of the individuals involved. Upon receiving the evaluation of the parents and child, and after taking the matter under advisement, the court issued WRITTEN REASONS FOR JUDGMENT filed August 23, 1999. The court named Michael Arden Johnson as domiciliary parent, noting that he had "met his burden of proof." The court found the "overwhelming evidence in this case indicates Patrick's best interest would be served remaining in the Lake Charles area with his father...." *259 We do not agree with the trial court's assessment and, therefore, reverse.
This state's "relocation statute" requires a parent with primary custody to give notice to the non-domiciliary parent of the intent to relocate the primary residence of the minor child within their care. The non-domiciliary parent who is given adequate notice then has the opportunity to initiate a hearing wherein he or she can set before the court any objection to the relocation. In accordance with the provisions of La.R.S. 9:355.8, the court has the authority to "appoint an independent mental health expert to render a determination as to whether the proposed relocation is in the best interest of the child." That was done in this case.
The relocating parent has the burden of proving: 1) the proposed relocation is in good faith; and 2) it is in the best interest of the child. La.R.S. 9:355.13. La.R.S. 9:355.12 sets forth the factors a court shall consider when determining a relocation issue. These factors are:
(1) The nature, quality, extent of involvement, and duration of the child's relationship with the parent proposing to relocate and with the non-relocating parent, siblings, and other significant persons in the child's life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child.
(3) The feasibility of preserving the relationship between the non-relocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child's preference, taking into consideration the age and maturity of the child.
(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the non-relocating party.
(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.
(7) The reasons of each parent for seeking or opposing the relocation.
(8) Any other factors affecting the best interest of the child.
When reviewing the evidence adduced at the hearing, the reports of the psychologist, and considering the above-listed factors, it is clear Mrs. Keller carried her burden of proof in both establishing that this proposed relocation is in good faith and that it is in the best interest of the child.
It is clear, and the trial court so found, that the relocation is in good faith. There is a legitimate reason for the move. Mrs. Keller's husband accepted a position in St. Louis, Missouri as a swim coach. The salary for this new position is higher than the salary he was earning in Louisiana. This position also provides job benefits, such as health insurance and retirement, which were unavailable to him at his former job.
Having established the good faith of the relocation, Mrs. Keller then had the burden of establishing the move was in the best interest of the child. While the trial court listed those factors in its WRITTEN REASONS FOR JUDGMENT, it did not analyze them as is required by La.R.S. 9:355.12. When the factors are individually considered in light of the evidence adduced, it becomes clear that Mrs. Keller has established that this move is in Patrick's best interest.
(1) The nature, quality, extent of involvement, and duration of the child's relationship with the parent proposing to relocate and with the non-relocating parent, siblings, and other significant persons in the child's life.
The evidence established that both Mrs. Keller and Mr. Johnson have played active *260 roles in their child's life. They have shared joint custody of Patrick, with Mr. Johnson having frequent visitation. The record also clearly establishes, and the trial court so found, that Mrs. Keller has been Patrick's primary caregiver since birth. While Patrick has two half-siblings, neither resides with Mr. Johnson. They do live in the Lake Charles area, as does most of Patrick's extended family.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child.
Patrick is nine-and-one-half years old and has always primarily resided with his mother. In the past, Patrick has had certain difficulties in relating to his peers. Mrs. Keller has apparently recognized this and has been active in addressing these needs. The psychological evaluation noted that Mrs. Keller appears to be more aware of Patrick's difficulties within his peer group. This was a finding accepted by the trial court.
(3) The feasibility of preserving the relationship between the non-relocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
The reality is that Patrick will be living quite some distance from one of his parents. Mrs. Keller has demonstrated, however, her willingness to cooperate in visitation arrangements with Mr. Johnson so that they may remain in contact.
(4) The child's preference, taking into consideration the age and maturity of the child.
According to the trial judge, Patrick stated a preference to live with his mother. Although the preference of a nine-and-one-half-year-old child is certainly not controlling, it is a factor to be considered.
(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the non-relocating party.
The only evidence regarding this issue is that Mrs. Keller has always promoted Patrick's relationship with his father. There is no evidence that this is subject to change.
(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.
It is clear this move will benefit Mrs. Keller's life financially and, therefore, Patrick will benefit. The evidence further established that Patrick will benefit emotionally from living with his mother, and that there are excellent educational opportunities available in St. Louis.
(7) The reasons of each parent for seeking or opposing the relocation.
The reasons for Mrs. Keller's seeking the relocation are clear and set forth above. The reason Mr. Johnson opposes the relocation is equally as obvious. He loves his son and does not want to be separated from him.
(8) Any other factors affecting the best interest of the child.
This obviously encompasses each unique circumstance which might pertain to individual cases. The trial court made no findings of fact, and the evidence does not reflect, that either of these parents is presently living in negative circumstances which might adversely affect the child. The record establishes, instead, that both mother and father are good parents who love their child and want what is best for him.
We find the court erred, however, by failing to apply an analysis of the above factors to its findings of fact, and instead rendering a decision which appears to be based primarily on speculation as to how *261 long Mrs. Keller's husband's new position would last. The court expressed concern that Mr. Keller's "occupation will require that he move on a periodic basis...." There is no evidence to support this finding. The psychologist speculated in her report that because of his occupation, he might have to move more often. This, however, was simply that, speculation. Moreover, the psychologist ultimately recommended that Patrick primarily live with his mother. It is apparent that the possibility of Mr. Keller's relocating was not of great concern to the psychologist in reaching her conclusion. No one factor listed in the "relocation statute" is controlling. The court must consider all factors and the totality of the evidence as it pertains to those factors. We find the trial court erred in this respect.

DISPOSITION
For the foregoing reasons, we determine that Mrs. Keller carried her burden of proof in all respects under La.R.S. 9:355.13. We find that the proposed relocation of the minor child is in his best interest. Accordingly, the trial court's judgment is vacated and Mrs. Keller is hereby named domiciliary parent. Mr. Johnson is entitled to a minimum of 100 days of physical custody per year, which should include summer vacations, and school holidays. All travel expenses pertaining to visitation are to be borne by Mrs. Keller. Mr. Johnson is to pay child support in the same amount previously ordered by the trial court.
The court further orders that Patrick remain in the physical custody of his father until the end of the regular 1999-2000 school year, at which time he shall be returned to the physical custody of his mother. His 2000 summer vacation shall also be spent in the custody of his mother since he has resided with his father this school year, with the exception of two weeks of said vacation, to be designated by the trial court, which shall be set as summer visitation with his father. We are remanding this matter to the trial court for the purpose of setting specific visitation dates in accordance with this court's ruling.
REVERSED AND REMANDED.