MURRAY, J.,
concurs and assigns reasons.
_JjI concur because I find, on the basis of the record, that the trial court did not abuse its discretion by concluding that the mother’s desire to relocate is not motivated by bad faith and that the relocation is in the best interest of the child. I do not agree, however, with the majority’s determination that a de novo review by this court is necessary in the instant case.
The standard of review in a relocation case, as expressed by the Supreme Court in Curóle v. Curóle and acknowledged by the majority herein, is that the trial court’s determination “will not be overturned absent a clear showing of abuse of discretion.” 02-1891, p. 4, 828 So.2d at 1096. Further, in the course of reviewing the entire record to determine whether the trial court’s ultimate conclusion is an abuse of discretion, the appellate court must accept each factual finding the trial court made in arriving at that conclusion, unless the particular finding is manifestly erroneous.[1]
Pursuant to La. R.S. 9:355.13, the relocating parent has the burden of proving that the proposed relocation is: (1) made in good faith; and (2) in the best interest of the child. Curole v. Curole, 02-1891, pp. 4-5, 828 So.2d at 1097. Guidance to the trial court in making its determination as to whether the relocating Rparty has met this burden of proof is provided by La. R.S. 9:355.12, which lists twelve specific factors the trial court “shall consider” in reaching its decision regarding a proposed relocation.
In the instant case (in which the trial court did not give written reasons for judgment), the majority concludes, largely on the basis that the trial judge did not expressly discuss the statutory factors nor state that she had considered them, that the record does not support a finding that the trial court actually considered the factors as is required. I disagree. I believe *751 that when, as here, there is evidence in the record regarding these factors, and the record as a whole preponderates in favor of the decision reached by the trial court being reasonable, we should assume that the trial court was aware of the law and that it considered the factors as required. While a recitation and/or discussion of the factors by the trial court is helpful, I do not believe it is mandated by law; the statute provides that the trial court “shall consider” the factors, not that the trial court must expressly analyze each factor or even state that it has considered each. I therefore disagree with the majority opinion insofar as it suggests that the trial court’s failure to expressly discuss the factors constitutes a “deficiency” that triggers de novo review. To the extent that the majority relies upon appellate decisions from other circuits,[2] which indicate that the trial court’s failure to expressly analyze the factors is a legal error that prompts de novo review, I disagree with those decisions.[3]
In the instant case, the evidence presented relating to each of the statutory factors and trial court’s comments throughout the transcript, coupled with my finding that the evidence as a whole preponderates in favor of the reasonableness of trial court’s decision, permit the inference that the trial judge did actually consider the statutory factors as she was required to do. I therefore conclude on | sthe basis of the record that the trial court did not abuse its discretion in approving the relocation. De novo review is not applicable.
Accordingly, for the reasons stated, I respectfully concur in the result reached by the majority.

. See, e.g.: Curole v. Curole, 02-1891. pp. 6-7, 828 So.2d at 1097-98, wherein the Court expressly determined that the trial court's finding that the custodial parent had sought the proposed relocation in good faith was not manifestly erroneous.

. See Leger v. Leger, 03-419 (La.App. 3 Cir. 7/2/03), 854 So.2d 955; Johnson v. Johnson, 99-1933 (La.App. 3 Cir. 4/19/00), 759 So.2d 257; Hoskins v. Hoskins, 36,031 (La.App. 2 Cir. 4/5/02), 814 So.2d 773.

. Nor do I agree with the majority's assumption that certain other appellate decisions "appear to implicitly involve de novo review” merely because those decisions discuss the statutory factors without making reference to the trial court's findings regarding them.