STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-198

TARA COATES SENOUSY

VERSUS

SAEED HASSAN SENOUSY

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 203,502
HONORABLE GEORGE CLARENCE METOYER JR., DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

REVERSED.

Thomas Overton Wells
Attorney at Law
1254 Dorchester Drive
Alexandria, LA 71315
(318) 445-4500
Counsel for Plaintiff/Appellant:
Tara Coates Senousy

**Thomas D. Davenport, Jr.**
**Attorney at Law**
**1239 Jackson St.**
**Alexandria, LA 71301**
**(318) 767-1161**
**Counsel for Defendant/Appellee:**
**Saeed Hassan Senousy**

**SAUNDERS, J.**

This matter comes before us on appeal from the trial court's judgment granting Saeed Senousy's Motion for Leave to Bring Children Abroad. Appellant argues that the motion should have been dismissed because Appellee was not present at the hearing and that the judgment should be reversed because the *Bergeron* standard was not satisfied. Appellee argues that the trial court acted properly in refusing to dismiss the motion. We reverse.

**FACTS AND PROCEDURAL HISTORY**

Saeed Senousy (hereinafter referred to as "Appellee"), a citizen of Egypt, traveled to this country where he eventually wed Tara Coates Patton Senousy Blood (hereinafter referred to as "Appellant"). The couple subsequently divorced. In conjunction with the divorce proceeding, a considered child custody decree was rendered awarding joint custody, naming Appellant the domiciliary parent and providing that neither party could remove the children from the country "without prior Court approval."

In August 2004, Appellee filed a Motion for Leave to Bring Children Abroad seeking "perpetual permission" to bring the children out of the country. The matter was heard on October 25, 2004 but Appellee was not present at the hearing. Appellant requested dismissal of the motion due to Appellee's absence. When that request was denied, Appellant asked the court to issue an instanter subpoena commanding Appellee's presence. Likewise, that request was denied. The trial court proceeded to question Appellant then turned the questioning over to the attorneys present at the hearing. Following her testimony, Appellant moved for a dismissal arguing that Appellee failed to satisfy the *Bergeron* standard and was again denied.

The trial court then granted Appellee's motion and issued a written judgment providing that Appellee could take the children abroad "provided that [he] notifies [Appellant] by certified mail of the appropriate times and dates of departure thirty (30) days in advance." Appellant then appealed that judgment.

**ASSIGNMENTS OF ERROR**

1) The trial court erred when it denied respondents oral motion to dismiss for movant's failure to appear at the hearing.

2) The trial court erred when it refused to grant an instanter subpoena or to continue the hearing to allow respondent to compel mover's attendance.

3) The trial court erred when it denied respondent's motion to dismiss for failing to state a cause of action under *Bergeron*.

**STANDARD OF REVIEW**

The standard of review for findings of the trial court has been clearly established in this circuit. A court of appeal may not set aside a judge's factual finding unless that finding was manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't Of Transp. & Dev.*, 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id*. at 1112. Furthermore, when reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denied*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644.

## DISCUSSION

Because we find merit in Appellant's third assignment of error and reverse the trial court on that basis, assignments of error one and two are rendered moot and are not discussed herein. In *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986), the supreme court articulated the standard to be used when a modification of a considered custody decree is sought. The court stated that:

> [w]hen a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

*Id*. It is undisputed that the original custody decree rendered in this matter was a considered decree; therefore, the *Bergeron* standard is applicable.

Next, we find that Appellee sought and obtained a change in that decree. As previously noted, the original decree provided that "prior court approval" was required before the children could be taken out of the country. This language indicates that permission from the court had to be obtained each time the children were taken abroad. Appellee's Motion for Leave to Bring Children Abroad, however, sought to change that requirement by seeking "perpetual permission" from the court to take the children out of the country. This change was obtained as evidenced by the language of the judgment on Appellee's Motion for Leave to Bring Children Abroad and that used by the trial judge when speaking from the bench at the hearing on that motion.

First, the written judgment on the Motion for Leave states that notice must be given before the children may be taken from this country. Notice is not court approval. This distinction is also evident in the trial judge's comments at the hearing. He stated that Appellee could travel "with the children with thirty (30) days advance notice, that would give any person who has a concern a right to come back into court[.]" While the new judgment does provide Appellant the opportunity to challenge the travel in court, it does not require Appellee to go to court first to get permission. In fact, counsel for Appellee noted at the hearing on the motion that "when [Appellee] desires to bring his children abroad, he's having to come and get locked up in the court system" and that he "want[s] permission in advance before we make these provisions to have all these, this trip planned to Egypt." By replacing the requirement in the original decree to an opportunity in the subsequent judgment, the trial judge changed the original considered custody decree; therefore, we must determine whether the *Bergeron* standard was satisfied. We find that it was not.

Appellant was not present at the hearing so no testimony was offered indicating why the prior regime was "so deleterious" that a change was appropriate. *Bergeron*, 492 So.2d at 1200. Appellee's brief also offers nothing indicating why the considered decree should have been changed. After reviewing the record, it is evident that Appellee merely wants blanket permission to take his children to visit family in Egypt. This desire does not show how the "heavy burden" imposed by *Bergeron* has been satisfied. In order to obtain the change sought, Appellee had to show that:

> the continuation of the present custody is so deleterious to
> the child as to justify a modification of the custody decree,

or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

*Id.* No such showing has been made. Appellee cites the inconvenience of the prior regime; however, mere inconvenience is not sufficient to satisfy *Bergeron*.

**CONCLUSION**

The trial court's judgment granting Appellee's Motion for Leave to Bring Children Abroad is reversed. Costs of this appeal are assessed against Appellee.

**REVERSED.**