# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-903


**JANET FARR JARNAGIN**

**VERSUS**

**THOMAS RANDOLPH JARNAGIN**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 69659B
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Jimmie C. Peters, Marc T. Amy and Michael G. Sullivan, Judges.


**AFFIRMED.**

**Anthony C. Dupre**
**Post Office Drawer F**
**Ville Platte, LA   70586**
**(337) 363-3804**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Janet Farr Jarnagin**

**D. Reardon Stanford**
**Hoyt & Stanford, LLC**
**315 South College, Suite 165**
**Lafayette, LA   70503**
**(337) 234-1012**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Thomas Randolph Jarnagin**

AMY, Judge.

The plaintiff and domiciliary mother of five children born of the previous marriage between herself and the defendant, filed a notice of intent to relocate with the children to Utah. The defendant objected. The trial court permitted the plaintiff to relocate, and the defendant appealed. For the following reasons, we affirm.

## Factual and Procedural Background

Janet Farr Jarnagin, the plaintiff and appellee, and Dr. Thomas Randolph Jarnagin, the defendant and appellant, obtained a judgment of divorce on April 17, 2009. Five children were born of this marriage. The parties reached a stipulation in regard to custody. The stipulation provided that the parties would share the joint custody of the children, with the plaintiff designated as domiciliary parent. The stipulation also provided for a physical custody arrangement between the parties in addition to special summer custody for the defendant.

On October 17, 2008, the plaintiff submitted written notice to the defendant of her intent to relocate the parties' minor children from Louisiana to Utah. On November 17, 2008, the defendant filed an Objection to Proposed Relocation of Children and Request for a Psychological Evaluation. On April 23, 2009, the trial court heard the rule for relocation and took the matter under advisement. The trial court issued written reasons for judgment and issued a signed judgment permitting relocation in favor of the plaintiff.

The defendant now appeals, assigning that the trial court erred in: failing to appoint a mental health expert in determining whether relocation was in the best interest of the children; failing to clearly consider all of the factors in La.R.S. 9:355.12; finding that the plaintiff met her burden of proving that the proposed relocation was in the best interest of the children, and, granting the relocation.

**Discussion**

The parent seeking relocation must fulfill a two-part burden: (1) that the proposed relocation is in good faith; and (2) that the proposed relocation is in the best interest of the child. La.R.S. 9:355.13. A trial court's decision in a relocation matter is entitled to great weight and will not be overturned absent a clear showing of abuse of discretion. *Curole v. Curole*, 02-1891 (La. 10/15/02), 828 So.2d 1094.

*Best Interest of the Child*

The defendant contends that the trial court erred in failing to clearly consider all the factors set forth in La.R.S. 9:355.12. The defendant asserts that while it referenced some of the enumerated factors, the court failed to "expressly consider how the relocation will negatively impact the relationship between the children and their father, and the importance of the same."

Louisiana Revised Statutes 9:355.12 enumerates twelve factors the court shall consider in determining whether the proposed relocation is in the best interest of the child. The statute mandates that the court consider the enumerated factors, however, it does not require the court to give preferential consideration to any certain factor or factors. *See* La.R.S. 9:355.12; *Curole v. Curole*, 828 So.2d 1094.

The trial court issued an opinion in this matter after hearing testimony from an expert in educational development, the parties, and the defendant's mother. The trial court's written reasons for judgment explained:

> After weighing the factors set out by LSA - R.S. 9:355.12 and 9:355.13, this Court is convinced that Mrs. Jarnagin has met her burden of proof and it is the judgment of this Court that the relocation to Utah is in the best interest of both Mrs. Jarnagin and the five Jarnagin children.
>
> Of particular influence to this Court was the fact that both Mrs. Jarnagin and Doctor Jarnagin are from the State of Utah. Their families

2

live within twenty minutes of each other. There are many relatives, in the form of Grandparents, Aunts, Uncles, and Cousins, which will enrich the lives of the Jarnagin children.

A second significant factor in addition to the factors set out in 9:355.12 is the fact that all parties belong to the Mormon religion. Utah has been the home of the Mormons since the days of the Brigham Young and there are very few outlets for Mormon worship in South Louisiana.

Also, this Court is convinced that the children want to go to Utah with their mother and this will result in an increased sense of happiness for Mrs. Jarnagin and this will therefore increase the sense of happiness and well-being of the children.

A review of the record and the written reasons for judgment reveals that the trial court did consider the statutory factors in La.R.S. 9:355.12. The defendant even admits, in brief, that the trial court considered some, however not all, of the statutory factors. The factors in La.R.S. 9:355.12 are as follows:

(1) The nature, quality, extent of involvement, and duration of the child's relationship with the parent proposing to relocate and with the nonrelocating parent, siblings, and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child.

(3) The feasibility of preserving a good relationship between the nonrelocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating party.

(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.

(7) The reasons of each parent for seeking or opposing the relocation.

(8) The current employment and economic circumstances of each parent and whether or not the proposed relocation is necessary to improve the circumstances of the parent seeking relocation of the child.

(9) The extent to which the objecting parent has fulfilled his or her financial obligations to the parent seeking relocation, including child support, spousal support, and community property obligations.

(10) The feasibility of a relocation by the objecting parent.

(11) Any history of substance abuse or violence by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.

(12) Any other factors affecting the best interest of the child.

First, the judgment reflects that the trial court considered "the nature, quality, extent of involvement, and duration of the child's relationship with the parent proposing to relocate and with the nonrelocating parent, siblings, and other significant persons in the child's life." *See* La.R.S. 9:355.12(1). The trial court noted that the family relationships of both the plaintiff's and the defendant's extended family in Utah will enrich the lives of the children. The record also indicates that during the parties' marriage, the plaintiff and children had lived in Utah for over a year while the defendant continued to live in Louisiana. In addition, as to the extent of involvement and duration of the children's relationships with the plaintiff, it appears that the plaintiff has been the children's primary caregiver, in addition to being their home-school teacher.

The record reflects that the trial court judge met with the children in chambers to discuss their preferences regarding relocating to Utah. Then, in its judgment, the trial court stated that it believed that the children preferred to relocate to Utah. A

4

consideration of the children's preference is another of the enumerated statutory factors. *See* La.R.S. 9:355.12(4). This statutory factor guides the trial court to not only consider the child's preference, but to take "into consideration the age and maturity of the child." *Id*. In the present case, the five children range in age from four to fourteen. The record reflects that the trial court found that all of the children expressed their wish to go to Utah. Also, the trial court noted that when the children were asked whether they had been influenced by the plaintiff, they all indicated in the negative.

The judgment also reveals that the trial court considered "[w]hether relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child," and found that the move would result in an increased sense of happiness for both the plaintiff and the children. La.R.S. 9:355.12(6).

The defendant asserts that because relocation would inevitably strain the relationship he has with his children it cannot be in their best interest. Also, the defendant admits that relations with his oldest child are strained and alleges that the plaintiff has contributed to this strain in allowing this child to refuse visitation. Indeed, one of the statutory factors is "whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating party." La.R.S. 9:355.12(5). In addition, the court is to consider "the feasibility of preserving a good relationship" with the nonrelocating parent. La.R.S. 9:355.12(3). While the judgment does not specifically address these factors, the record indicates that the trial court considered this factor. At the relocation hearing, the trial court stated:

I was just amazed, and I'll say this for the record, that she was allowed to on her own decide she wasn't going to visit her father, and I did tell her that, although I have not made a decision on this thing, if I decide to allow the relocation, there would be generous visitation which will be allowed to Dr. Jarnagin and that I expected and I was going to insist that she honor the visitation because I was not going to allow her to determine on her own that she was not going to visit with her dad[.]

Lastly, the defendant argues that the trial court erred in permitting relocation based upon any consideration into the plaintiff's happiness. The defendant contends that this consideration is inappropriate as to whether relocation is in the best interest of the children. However, La.R.S. 9:355.13 specifically requires that "[i]n determining the child's best interest, the court shall consider the benefits which the child will derive either directly or indirectly from an enhancement in the relocating parents general quality of life."

A review of the record supports a finding that the trial court considered the evidence in light of the factors of La.R.S. 9:355.12. The trial court chose to emphasize only certain factors of La.R.S. 9:355.12 in its written reasons for judgment; however, this court has found that the trial court's decision to emphasize only certain factors does not, in and of itself, constitute an error. *Miller v. Miller*, 01-0356 (La.App. 3 Cir. 10/31/01), 799 So.2d 753. Therefore, this court may only review the trial court's judgment to determine if it was legally correct and reasonable in light of a review of the entire record. *Senousy v. Senousy*, 05-198 (La.App. 3 Cir. 6/1/05), 905 So.2d 461, *writ denied*, 05-2073 (La. 2/10/06), 924 So.2d 169.

The trial court's finding of facts and weighing of the factors do not appear to be unreasonable or clearly wrong so as to constitute manifest error. Although the defendant expressed a desire to maintain a relationship with his children, the record supports the trial court's conclusion that relocation would not prevent a relationship

6

with the children, and that the relocation was in the best interest of the children. The record reveals that during the parties' marriage, the plaintiff and the children lived in Utah for a significant period of time while the defendant lived in Louisiana. The children appear to desire relocation to Utah with their mother and primary caregiver. Further, based on this record, it was for the trial court to decide whether the educational and religious opportunities in Utah supported the request for relocation. The trial court did not abuse its discretion in its determination of the children's best interest.

This assignment lacks merit.

*Good Faith Relocation*

"In addition to requiring a relocation to be in the best interest of the child, our law requires a showing by the relocating parent that the move is being made in 'good faith.' La.R.S. 9:355.13." *Nelson v. Land*, 01-1073, p. 5 (La.App. 1 Cir. 11/9/01), 818 So.2d 91, 94.

The defendant contends that the plaintiff failed to prove that her proposed relocation was made in good faith. First, the defendant alleges that the plaintiff's desire for relocation is in bad faith because the notice came within days of the defendant taking the children to have educational testing. The record reveals that the parties disagreed in regard to how the plaintiff home-schooled the children. The defendant allegedly tested the children because he was concerned that they were not progressing under the plaintiff's home-schooling. The plaintiff testified that she was upset in response to the defendant's decision to test the children. The defendant points to her angry response, coupled with the fact that the notice of relocation came within days after the testing, as evidence the plaintiff was in bad faith.

7

The plaintiff contends that her desire to relocate is based upon the support system of the extended family who reside in Utah which "would enhance her ability to see to the needs of her children while attempting to secure additional education which would allow her to become less dependent" on the defendant for support.

The trial court determined that the plaintiff met her burden of proving that the proposed relocation was in good faith. The trial court was apparently not persuaded by the fact that the notice to relocate came within days of the children's testing. The record does not appear to present any evidence that the plaintiff sought relocation in retaliation or for any other reason than her desire to provide for herself and her children. A review of the record supports a finding that the trial court did not err in determining that the plaintiff proved that the proposed relocation was in good faith.

This assignment is without merit.

*Appointment of a mental health expert*

The defendant contends that the trial court erred in failing to appoint a mental health expert per his request under La.R.S. 9:355.8. The defendant argues that failure to appoint an expert, specifically on the issue of whether relocation would negatively impact his relationship with his children, amounts to a breach of the trial court's discretion. In brief, the defendant admits that while the language of La.R.S. 9:355.8 is "unquestionably permissive," the trial court nevertheless abused its discretion by failing to "take advantage of the tools available to it" in determining the best interests of the children.

Louisiana Revised Statutes 9:355.8 provides that "the court may promptly appoint an independent mental health expert to render a determination as to whether the proposed relocation is in the best interest of the child." The defendant is correct

8

to characterize this statute as "unquestionably permissive." While the statute does allow the trial court to appoint an independent expert, it does not prohibit a party from presenting the testimony of a mental health expert. Therefore, because the defendant could have, without a court order, obtained expert evidence relating to what negative impacts may result from his children's relocation, it cannot be said that the trial court erred in not appointing an independent mental health expert. *See Larsen v. Polk*, 02-1104 (La.App. 5 Cir. 2/25/03), 841 So.2d 992, *writ denied*, 03-0877 (La. 4/25/03), 842 So.2d 412.

This assignment is without merit.

## DECREE

For the above reasons, the judgment permitting the parties' children to relocate to Utah is affirmed. All costs of these proceedings are assessed to the defendant - appellant, Dr. Thomas Jarnagin.

**AFFIRMED.**