EDWIN A. LOMBARD, Judge.
11The Appellant, Vijaydendra Jaligam, seeks review of the judgment of the district court granting the Motion for Relocation of his ex-wife/the Appellee, Radhika Pochampally, and allowing the relocation of his minor children with the Appellee, to Jackson, Mississippi. Finding that the district court did not abuse its discretion in granting the motion, we affirm.
Facts and Procedural History
The parties were married in October 1995, and of that union were born two children, Pranav and Sahana (“the minor children”). During the marriage, the Appellant had an affair with a co-worker, who later filed a paternity suit against him. The Appellant is indeed the father of his co-worker’s child. Upon the Appellee learning of the paternity suit, she left the United States with the minor children and took them to India, where they remained for six months. The Appellant did not *696 consent to the minor children being taken to India.
Thereafter, the Appellant filed a Petition for Divorce with Rule for Custody, Return of Children, Exclusive Use of Community Property and Termination of the Community on January 22, 2008. He then filed a second “Petition for Divorce and |2Petermination of Incidental Matters”, Case No. 2008-5342, which was consolidated with his original Petition for Divorce under Case No. 2008-00724. Along with the second Petition for Divorce, the Appellant filed a Writ of Habeas Corpus and Expedited Rule for Custody seeking the return of the children from India.
The Appellee returned with children to New Orleans in late June 2008. Upon her return to New Orleans in June 2008, she filed a Petition for Relief from Domestic Abuse alleging that the Appellant physically abused her. The district court later dismissed her petition with prejudice in July 2008. The district court further rendered an interim judgment granting the parties joint custody and designating the Appellee as the domiciliary parent. Additionally, the Appellant was awarded makeup visitation for the six (6) month time period the minor children were out of the country, and he was awarded regular visitation. The district court further ordered that the parties submit to a custody evaluation with Dr. Karen Van Beyer.
The parties were granted a Judgment of Divorce on August 18, 2008.
In early October 2009, the parties appeared in district court for a custody trial; however, the trial was stayed in response to a request by the Appellant to file a Writ Application to the Court of Appeal, Fourth Circuit. The writ application, Case No. 2009-C-0481, was denied.
On March 5, 2010, the Appellee filed a Temporary Restraining Order on behalf of the minor children allegedly seeking to prevent their paternal grandmother from being in their presence and seeking an order that their paternal grandmother undergo a psychiatric evaluation. The temporary restraining order |awas later issued against the Appellant and the minor children’s paternal grandmother, who was residing with the Appellant.
On March 31, 2010, the Appellee filed a Rule to Suspend or Modify Child Visitation which was set for hearing on April 15, 2010; nevertheless, the Rule was continued without date and never reset to be heard by the Court. Thereafter, in April 2010, the parties entered into a Consent Judgment dissolving the Temporary Restraining Order that issued against the minor children’s paternal grandmother.
Subsequently, the Appellant filed an Emergency Ex Parte Motion to Enforce Visitation, which the district court granted thereby reinstituting the Appellant’s visitation with the minor children.
The district court declared an open custody trial a mistrial in August 2010.
On November 15, 2010, the Appellant filed a motion requesting that the court implement the recommendations of custody evaluator, Dr. Van Beyer, pending the trial on Permanent Custody, and he moved for an updated evaluation. The parties entered into a Consent Judgment wherein they agreed that Dr. Van Beyer would perform an updated custody evaluation. The parties also agreed to an interim holiday visitation schedule, and a regular visitation schedule for the Appellant.
In mid-June 2011, a four-day custody trial was held. The district court rendered an October 2, 2011, judgment awarding the parties joint and shared physical custody of the minor children. The parties were to alternate domiciliary status every other year and Dr. Karen Van Beyer was ap *697 pointed as Parenting Coordinator and Custody Facilitator.
At the end of 2011, the Appellee was terminated from Tulane University, where she had done her post-doctorate fellowship and had been employed for ^approximately 8 years. In January 2012, the Appellee began working at the University of Mississippi, in Jackson. . Thereafter, the Appellee filed a Motion for Relocation Authorization to move the permanent residence of the minor children to Jackson, Mississippi, which the Appellant opposed.[1] After the relocation trial, on July 31, 2012[2] , the district court rendered judgment granting the motion and permitting the relocation of the minor children to Jackson.[3]
The Appellant timely sought review of this judgment and raises three (3) assignments of error on appeal:
1) The district court abused its discretion by refusing to allow relocation and custody expert, Dr. Karen Van Beyer, to give an opinion on relocation and in failing to weigh her expert testimony with the other evidence presented at trial;
2) The district court abused its discretion in failing to apply the evidence as presented to all of the factors of La. Rev.Stat. 9:355.13; and
3) The district court abused its discretion by allowing the relocation of the minor children when the evidence supports that the relocation is not in the best interest of the minor children.
Standard of Review
The district court’s determination in a relocation matter is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion. H.S.C. v. C.E.C., 05-1490, p. 3 (La.App. 4 Cir. 11/8/06), 944 So.2d 738, 740 (citing Curole v. Curole, 02-1891, p. 4 (La.10/15/02), 828 So.2d 1094, 1096).
The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Leaf v. Leaf, 05-0592, p. 2 (La.App. 4 Cir. 3/2/06), 929 So.2d 131, 132 (citing Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992)). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id.
Refusing to Allow Dr. Van Beyer to Testify on Relocation
In his first assignment of error, the Appellant argues that the district court abused its discretion by refusing to allow Dr. Van Beyer to give an opinion on relocation and in failing to weigh her expert testimony with the other evidence presented at trial. The Appellant argues that the *698 district court qualified Dr. Van Beyer as an expert in the areas of custody evaluations and relocation. Furthermore, Dr. Van Beyer interacted with the family from 2008 to 2012 as a result of her initial appointment by the district court to assess the family and prepare a custody evaluation. The Appellant contends that in light of Dr. Van Beyer’s extensive familiarity with the family and her expertise, the district court should have allowed her to testify as to her opinion of whether the Appel-lee’s relocation was in the best interest of the children. The district court’s refusal to allow Dr. Van Beyer to testify, according to the Appellant, amounts to an abuse of discretion and reversible error by the district court.
|f,In the instant matter, the questions asked of Dr. Van Beyer regarding relocation were deemed speculative by the district court, which questioned Dr. Van Beyer to ascertain whether she conducted a relocation evaluation in the matter. In sustaining the objections of the Appellee to Dr. Van Beyer’s testimony, the district court explained that Dr. Van Beyer did not “assess the situation in light of the pending relocation action.” Also, counsel for the Appellee alleged that at the time of the trial Dr. Van Beyer had not met with the parties or the minor children in quite some time.
Based upon our review of the record, Dr. Van Beyer had not met with any members of the family since February 2012. Furthermore, the district court did not request that Dr. Van Beyer perform a relocation evaluation pursuant to La.Rev. Stat. 9:355.8,[4] which was within the court’s discretion. Moreover, neither of the parties moved the court to request that Dr. Van Beyer or another mental health professional perform a relocation evaluation. See Jarnagin v. Jarnagin, 09-903 (La.App. 3 Cir. 12/9/09), 25 So.3d 1028, 1034.
“A trial judge has great discretion in the admissibility of evidence and its decision to admit or exclude evidence may not be reversed on appeal unless there is an abuse of that discretion.” Lauve v. Lauve, 08-0076, pp. 7-8 (La.App. 4 Cir. 8/20/08), 6 So.3d 184, 189 (citing Boykins v. Boykins, 04-0999, p. 4 (La.App. 4 Cir. 4/24/07), 958 So.2d 70, 74). “In ruling on a relocation request, the trial court may give whatever weight it deems appropriate to the testimony of any and all witnesses, including that of experts.” Fuqua v. Fuqua, 46,118, p. 11 (La.App. Cir. 1/26/11), 57 So.3d 534, 539 (citation omitted). In addition to an expert’s professional qualifications and experience, the weight to be given expert testimony depends, ultimately, on the facts on which it is based. Meany v. Meany, 94-0251, p. 11 (La.7/5/94), 639 So.2d 229, 236.
Considering that Dr. Van Beyer did not perform a relocation assessment of the parties and the minor children, we do not find that the district court erred in excluding the testimony of Dr. Van Beyer as to her opinion on relocation. The district court differentiated between an expert in relocation, such as Dr. Van Beyer, from an expert in relocation who performed a relocation assessment specific to the family at issue. Although another trier of fact may have allowed Dr. Van Beyer to testify as to her opinion on the Appellee’s relocation given her extensive history with the family, we do not find that the district court abused its vast discretion in this instance. This assignment of error is without merit.
*699 Failing to Apply the Evidence as Presented Under La.Rev.Stat. 9:355.13
The second assignment of error raised by the Appellant is that the district court abused its discretion in failing to apply the evidence as presented to all of the factors of La.Rev.Stat. 9:355.13, which provides:[5]
The person proposing relocation has the burden of proof that the proposed relocation is made in good faith and is in the best interest of the child.
The good faith requirement is not satisfied by relocations “that are based on a frivolous reason, no reason, or just to interfere with the noncustodial parent’s visitation with the children.” McLain v. McLain, 07-0752, pp. 13-14 (La.App. 4 Cir. 12/12/07), 974 So.2d 726, 734 (citations omitted). “The jurisprudence has defined the meaning of the term good faith in this context as a legitimate or valid reason for the move.” Id., 07-0752, p. 13, 974 So.2d at 734 (citing Johnson v. Johnson, 99-1933, p. 5 (La.App. 3 Cir. 4/19/00), 759 So.2d 257, 259).
The Appellant argues that it is highly dubious that the Appellee was acting in good faith in seeking to relocate only five (5) months after the district court entered a permanent custody order of shared and equal custody between the parties for the following reasons:
• the Appellee has consistently sought to limit his contact with the minor children, and
• the Appellee failed to immediately notify the court or himself of her impending unemployment at the trial on permanent custody, although she had more than a year’s notice of her termination.
He further asserts that the Appellee presented no evidence that she was unable to obtain other employment in the New Orleans area, or that the lives of the minor children would be enhanced by moving them to Mississippi. In terms of enhancement, he argues that at the relocation trial the Appellee did not know: where the children would live; where Pranav would be placed in school; how the children would be transported to school; nor what extracurricular activities would be available for the children. The Appellant argues that the district court failed to consider, under La.Rev.Stat. 9:355.13, the benefits the minor children “will derive either directly or indirectly from an enhancement in the relocating parent’s general quality of life.” He avers that this failure is an abuse of discretion.
The record shows that the Appellee, who has a Ph.D. in cancer biology, was working at Tulane University Medical Center (“Tulane”) as an assistant professor in the Department of Pharmacology and Gene Therapy at Tulane when she | ^received notice in June 2010 that her employment would be terminated within approximately a year. She was also performing cancer and stem cell research at Tulane. It is undisputed that she did not immediately inform the Appellant or the district court of her impending termination. Although the Appel-lee attempted to remain employed at Tulane and to attain tenure, her efforts were to no avail. The Appellee had a large grant to perform stem cell research with the National Institute of Health (“NIH”); however, the grant was in jeopardy if she was not anchored at an institution.
The testimony introduced at trial from co-workers of the Appellee at Tulane demonstrated that Louisiana State University (“LSU”) was the closest university that also performed stem cell research, but *700 LSU declined to hire her. The Appellee was later offered a job at the University of Mississippi, in Jackson, with an approximately $50,000 salary increase, on a tenure track that allowed her to keep her grant and continue to perform stem cell research. The Appellee accepted the job.
In light of all these facts, it is clear that the Appellee’s acceptance of the job at the University of Mississippi was necessary to her remaining employed at all. Additionally, her new job affords her professional development, a larger salary and allows her to retain a NIH grant and continue meaningful cancer research. The minor children would unquestionably benefit from the Appellee’s positive change in circumstances. Thus, there has been no showing that the district court erred in finding that the Appellee was operating in good faith in seeking to relocate herself and her children. This assignment of error is without merit.
Regarding whether the relocation is in the best interest of the minor children, we shall discuss the arguments raised by the Appellant in the following assignment |10of error, which deals exclusively with whether the relocation to Mississippi is in the best interest of the minor children.
The Relocation of the Minor Children is Not in Their Best Interest
Lastly, the Appellant argues that the district court abused its discretion by allowing the relocation of the minor children when the evidence supports that the relocation is not in their best interest. The Appellant argues that although the district court considered each of the twelve statutory factors under La.Rev.Stat. 9:355.12, the court misapplied the evidence presented to each factor.
La.Rev.Stat. 9:355.12 lists twelve (12) factors to be considered when determining whether allowing relocation is appropriate: [6]
A. In reaching its decision regarding a proposed relocation, the court shall consider the following factors:
(1) The nature, quality, extent of involvement, and duration of the child’s relationship with the parent proposing to relocate and with the non-relocating parent, siblings, and other significant persons in the child’s life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
(3) The feasibility of preserving a good relationship between the non-relocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child’s preference, taking into consideration the age and maturity of the child.
(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating party.
(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not |nlimited to financial or emotional benefit or educational opportunity.
(7) The reasons of each parent for seeking or opposing the relocation.
(8) The current employment and economic circumstances of each parent and whether or not the proposed relocation is necessary to improve the circum *701 stances of the parent seeking relocation of the child.
(9) The extent to which the objecting parent has fulfilled his or her financial obligations to the parent seeking relocation, including child support, spousal support, and community property obligations.
(10) The feasibility of a relocation by the objecting parent.
(11) Any history of substance abuse or violence by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
(12) Any other factors affecting the best interest of the child.
“This statute mandates that all of the factors set forth be considered by the court. It does not, however, direct the court to give preferential consideration to certain factors.” Curole, 02-1891, p. 6, 828 So.2d at 1097. A district court’s decision to emphasize only certain factors does not, in and of itself constitute an error. Miller v. Miller, 01-0356 (La.App. 3 Cir. 10/31/01), 799 So.2d 753. Additionally, “[i]n determining the child’s best interest, the court must consider the benefits which the child will derive either directly or indirectly from an enhancement in the relocating parent’s general quality of life.” Gathen v. Gathen, 10-2312, p. 10 (La.5/10/11), 66 So.3d 1, 8.
It is undisputed that the district court considered each of the statutory factors at issue, as evidenced by the district court discussing all twelve (12) factors in its Reasons for Judgment. The district court also conducted a Watermeier hearing with the minor children to ascertain whether they wanted to relocate. Sahana informed the district court that she was content with letting the court make the | ^relocation decision for her, whereas Pranav testified that he would prefer to remain with the Appellant and see the Appellee often. Indeed, Dr. Van Beyer testified that Pranav remaining around his father was essential to his development because he needed to learn from his father how to become a young man. Moreover, the court heard testimony from various witnesses including both parties, the Appellee’s father (Venkat Pochampally), the Appellant’s wife (Nihdi Jaligam), and Dr. Ramesh Ayyala, a colleague of the Appellee who observed her go before the grievance committee at Tulane.
The crux of this matter is that the district court simply relied upon the testimony of the Appellee over the Appellant or any of witnesses whose testimony favored his position, including Dr. Van Beyer. The district court determined that the Appellee has always been the primary caretaker of the children; therefore, she provided stability in the children’s lives. This finding does not detract from the Appellant’s status as a domiciliary parent following the custody trial. The district court considered that the minor children were excellent students at Lusher Elementary, and therefore, there was no reason they would not continue to excel in schools comparable to Lusher in Jackson, Mississippi.
Moreover, the court heard conflicting testimony as to whether the Appellant physically abused the Appellee during their marriage. The district court, however, believed that the Appellant had abused the Appellee based upon her testimony and that of her father, Mr. Pochampally, and held that the Appellee’s relocation was necessary for her to separate herself from the Appellant’s controlling nature. The court further found reasonable the Appel-lee’s actions in secreting the children out of the United States and interrupting the Appellant’s visitation with the children was a natural response to the Appellant’s affair and his physical abuse.
*702 | lsThe district court also heard testimony from the Appellee and Dr. C.V. Subra-naniam, whose wife worked with the Appellant, that Jackson has a larger Indian population and temple than New Orleans. The district court took this testimony in consideration when it concluded that the minor children will be able to continue their temple participation and that their lives would be enhanced culturally by living in Jackson. Moreover, the district court noted that Jackson is three (3) hours away from New Orleans, and that such as distance does not present a major hindrance to the Appellant preserving his relationship to the minor children.
We further note that the district court, in its Reasons for Judgment, weighed the Appellant’s estranged relationship with the child he fathered out-of-wedlock and found that the Appellant currently has to make time for his step-children. As previously stated, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Leaf, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id. While another trier of fact, in the instant matter, may have determined that these findings were irrelevant to the instant relocation proceeding, we cannot say the district court did not consider all of the evidence presented in weighing whether relocation was in the best interest of the minor children.
As the First Circuit reasoned, when there are two loving, concerned and involved parents, decisions regarding the custody of the children are extremely difficult, and even more so when the relocation of one of the parents is at issue, Richardson v. Richardson (Blackmar), 01-0777, p. 16 (La.App. 1 Cir. 9/28/01), 802 So.2d 726, 735. In the matter sub judice, the district court acknowledged that it was clear that the minor children and the Appellant love each other and share a close bond. Nevertheless, in consideration of the conflicting testimony presented at trial, the district court did not abuse its discretion in finding that the relocation of the minor children with their mother was in their best interest and granting the motion for relocation.
DECREE
For the foregoing reasons, the judgment of the district court granting the Motion for Relocation of Radhika Pochampally, is affirmed.
AFFIRMED

. At the time of the relocation trial, Pranav was eleven years old and Sahana was eight.

. Although Judge D'Souza presided over the relocation trial, various judges of the Civil District Court presided over different stages of this matter throughout its procedural history.

. The judgment further: 1) granted joint custody of the minor children to the parties and designated the Appellee as the domiciliary parent; 2) set forth a visitation schedule for the Appellant; 3) set forth co-parenting guidelines; and 4) detailed how the parties are to handle medical emergencies of the minor children, sharing of school and medical records, mandatory evacuation and telephone access.

. We note that La.Rev.Stat. 9:355.8 stated "[t]he [district] court may promptly appoint an independent mental health expert to render a determination as to whether the proposed relocation is in the best interest of the child.” This statute is currently codified as La.Rev.Stat. 9:355.15.

. This statute is currently La. Rev.Stat. 9:355.10.

. This statute in currently La. Rev.Stat. 9:355.14.