JAMES F. McKAY III, Chief Judge.
hln this domestic case, the appellant, Radhika Pochampally, appeals the judgment of the trial court rendered on November 20, 2013, and amended on December 18, 2013, granting Havijayendra Jaligam’s rule for contempt and for Attorney’s Fees and Costs, finding Radhika Pochampally in constructive contempt of court for intentional violations of visitation orders pursuant to La. R.S. 9:346, fining her five hundred dollars ($500.00) pursuant to La. R.S. 13:4611(l)(d), and in ordering her to pay attorney’s fees in the amount of one thousand five hundred dollars ($1,500.00) and court costs as allowed by La. R.S. 9:346. For the reasons that follow, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
A brief factual and relevant procedural background pertinent to this appeal reflects that Havijayendra Jaligam (“Dr. Jal-igam”) and Radhika Pochampally (“Dr. Po-champally”) are the divorced parents of two minor children. On March 8, 2012, the mother, Dr. Pochampally filed a motion to relocate the minor children. On July 31, 2012, after a full hearing, the trial court granted the motion allowing Dr. | ^Pochampally to relocate the permanent residence of the minor children to Jackson, Mississippi.[1]
*466 On August 15, 2012, the father, Dr. Jali-gam, filed an ex parte order granting permission to travel with minor children on a family vacation to Virginia. The motion requested that he be allowed to retrieve his minor children from Jackson, Mississippi on the evening of Thursday, August 23, 2012, and return the children to school on Monday, August 27, 2012.[2] Pertinent to this order, respective counsel for both Dr. Jaligam and Dr. Pochampally participated in a teleconference with the trial court on August 7, 2012, wherein the court advised Dr. Jaligam that he would be permitted to travel with the minor children on August 23, 2013, through August 27, 2012, provided he received a letter from the school permitting the children to miss school. After providing the trial court with the requested documentation from the school, the trial court, on August 15, 2012, granted Dr. Jaligam’s ex parte motion allowing the children to travel with him.
However, on August 10, 2012, Dr. Po-champally filed an emergency petition for protection from abuse against Dr. Jaligam in an alternate jurisdiction, the Madison Municipal Court, State of Mississippi. On August 16, 2012, the Madison, Mississippi Municipal Court issued an ex parte emergency domestic abuse protéction order against Dr. Jaligam. Dr. Jaligam was ordered to appear before the Mississippi court on August 23, 2012, the very day he was to depart with the minor [¡¡children to Virginia for a family wedding, pursuant to the court ordered vacation. As a result of this ex parte emergency abuse protection order, Dr. Jaligam was effectively precluded from exercising his court sanctioned visitation travel with the minor children. On August 28, 2012, pursuant to the ex parte emergency abuse protection order, Dr. Pochampally filed a petition for a final domestic abuse protective order which was heard before the Yazoo County Court, State of Mississippi on October 23, 2012. On October 30, 2012, that court denied Dr. Pochampally’s petition and issued an order finding that no evidence was present which warranted a finding of domestic abuse and denied the final domestic abuse and protection order. As a result of Dr. Pocham-pally’s actions, Dr. Jaligam was effectively denied his court ordered visitation with his children.
On December 19, 2012, Dr. Jaligam filed his first rule for contempt, pursuant to La. R.S. 9:346, against Dr. Pochampally for willfully refusing to comply with court orders, specifically visitation orders. A hearing was set for April 4, 2013. However, during this interim period Dr. Pocham-pally continued to thwart the father’s ability to visit with his children. On March 21, 2013, she was ordered to transport the minor children to Dr. Jaligam in New Orleans for his March 21-23, 2013 weekend visit; Dr. Pochampally failed to deliver the children.
On April 4, 2013, a hearing was held on Dr. Jaligam’s rule for contempt against Dr. Pochampally. While the rule remained open, the trial court issued an interim order which was signed as a judgment on May 6, 2013, ordering Dr. Pochampally to transport the minor children to New Orleans for Dr. Jaligam’s Lcourt ordered visitations. Dr. Pocham-pally, again refused to deliver the children in accordance with the May 6, 2013 interim order for the weekends of April 19-21, 2013 and May 3-5, 2013.
*467 Based on Dr. Pochampally’s continued actions, which interfered with Dr. Jali-gam’s court sanctioned visitations with his minor children, the trial court ruled on Dr. Jaligam’s initial and second rules for contempt. The trial court found that Dr. Pochampally was in constructive contempt of court for the purposeful and intentional violation of its previous visitation orders and judgments pursuant to La. R.S. 9:346. The trial court awarded attorney’s fees and costs and awarded makeup visitation dates to Dr. Jaligam. Additionally, pursuant to La. R.S. 13:4611(l)(d), the trial court fined Dr. Pochampally five hundred dollars ($500.00) for contempt of court.
On December 2, 2013, Dr. Pochampally filed a motion for a new trial contesting the November 20, 2013 judgment. The motion was denied on December 6, 2013. After the trial court amended the November 20, 2013 judgment, Dr. Pochampally filed a second motion for a new trial relevant to the trial court’s December 18, 2013 amended judgment. On January 6, 2014, the trial court also denied this motion.
ASSIGNMENTS OF ERROR
In her sole assignment of error, Dr. Pochampally asserts that the trial court erred as a matter of law, and manifestly abused its discretion, in adjudging her to be in criminal contempt of court for the four weekends specified in the December |s18, 2013 amended judgment, arguing that there was no proof beyond a reasonable doubt presented that she intended to defy the authority of the court, knowingly, purposefully, and without any justifiable excuse.
STANDARD OF REVIEW
“When deciding whether to hold someone in contempt, the trial court is vested with great discretion.” Kirschman v. Kirschman, 2012-0385, p. 2 (La.App. 4 Cir. 12/28/12), 109 So.3d 29, 31 (citing City of Kenner v. Jumonville, 97-125, -97-210, 97-602, p. 11 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, 230). “The burden of proof in a civil contempt proceeding is by a preponderance of the evidence and appellate review is the manifestly erroneous standard.” Id. (citing Talton v. USAA Casualty Ins. Co., 2006-1513, p. 16 (La.App. 4 Cir. 3/19/08), 981 So.2d 696, 713).
DISCUSSION
Dr. Pochampally maintains that the trial court erred in finding her to be in criminal contempt of court. We find no merit in this argument.
The trial court’s December 18, 2013 amended judgment stated in pertinent part:
IT IS FURTHER ORDERED, ADJUDICATED AND DECREED that Dr. Pochampally is hereby found to be in constructive contempt of court for her intentional, purposeful violation of this Court’s previous orders and judgments, without justifiable excuse. The Court finds that Dr. Pochampally denied Dr. Jaligam his physical custody rights as set out in this Court’s prior orders and judgments as follows:
1. On the weekend of May 3, 2013, visitation was denied in violation of this Court’s Interim Judgment rendered in open court on April 4, 2013 and signed on May 6, 2013.
2. On the weekend of April 19, 2013, visitation was denied in violation of this Court’s Interim Judgment rendered in open court on April 4, 2013 and signed on May 6, 2013.
|fi3. On the weekend of March 23, 2013, visitation was denied in violation of this Court’s Judgment dated July 31, 2012.
4. August 23 through 27, 2012, visitation was denied in violation of this *468 Court’s Ex Parte Order dated August 15, 2012.
In the case sub judice, the applicable statute is under Title 9 of the Louisiana Civil Code, governed by § 346, entitled: Actions for failure to exercise or allow visitation, custody or time rights pursuant' to court ordered schedule; judgment and awards. Based on the very nature of this domestic matter and in recognition of the fact that the Parish of Orleans now has specific divisions of Civil Court designated as domestic courts, the more specific statute designed for violation of visitation orders is La. R.S. 9:346. Specifically the statute provides:
A. An action for the failure to exercise or to allow child visitation, custody or time rights pursuant to the terms of a court-ordered schedule may be instituted against a parent. The action shall be in the form of a rule to show cause why such parent should not be held in contempt for the failure and why the court should not further render judgment as provided in this Section.
B. If the action is for the failure to exercise child visitation, custody or time rights pursuant to the terms of a court-ordered schedule, and the petitioner is the prevailing party, the defendant shall be held in contempt of court and the court shall award to the petitioner:
(1) All costs for counseling for the child which may be necessitated by the defendant’s failure to exercise visitation, custody or time rights with the child.
(2) A reasonable sum for any actual expenses incurred by the petitioner by reason of the failure of the defendant to exercise rights pursuant to a court-ordered visitation, custody or time schedule.
(3) A reasonable sum for a caretaker of the child, based upon the hourly rate for caretakers in the community.
(4) All attorney fees and costs of the proceeding.
|7C. If the action is for the failure to allow child custody, visitation, or time rights pursuant to a court-ordered schedule, and the petitioner is the prevailing party, the defendant shall be held in contempt of court and the court shall award to the petitioner:
(1) A reasonable sum for any actual expenses incurred by the petitioner by the loss of his visitation, custody or time rights.
(2) Additional visitation, custody or time rights with the child equal to the time lost.
(3) All attorney fees and costs of the proceeding.
(4) All costs for counseling for the child which may be necessitated by the defendant’s failure to allow visitation, custody, or time rights with the child.
D. The court may award a reasonable penalty to the petitioner against the defendant upon a finding that the failure to allow or exercise visitation, time or custody rights pursuant to the terms of a court-ordered visitation schedule was intended to harass the petitioner.
E. The court may award attorney fees and costs to the defendant if he is the prevailing party, based upon actual expenses incurred.
F. The court may require the prevailing party to submit proof showing the amounts to be awarded pursuant to this Section.
G. It shall be a defense that the failure to allow or exercise child visitation rights pursuant to a court- *469 ordered schedule was by mutual consent, beyond the control of the defendant, or for other good cause shown.
H. A pattern of willful and intentional violation of this Section, without good cause, may be grounds for a modification of a custody or visitation decree.
I. This Section applies to judicial orders involving sole or joint custody.
|S.J. The action authorized by this Section shall be in addition to any other action authorized by law.[3]
The trial court’s November 20, 2013 judgment and December 18, 2013 amended judgment, found Dr. Pochampally to be in constructive contempt of court for her intentional, purposeful violation of the trial court’s previous orders and judgments, without justifiable excuse. The trial court found that Dr. Pochampally, denied Dr. Jaligam’s his physical custody rights set out in prior orders and judgments. The trial court not only found Dr. Pochampally to be in constructive contempt of court but also awarded Dr. Jaligam make-up visitations as provided in La. R.S. 9:346; and required Dr. Pochampally to pay a fine of five hundred dollars ($500.00) in accordance with La. R.S. 13:4611(l)(d). The trial court also awarded Dr. Jaligam attorney’s fees and costs in the amount of $1,500.00.
Dr. Pochampally argues that she was justified in denying Dr. Jaligam court order visitations because she felt threatened. Yet, she failed to produce viable evidence to support her contention.
IflDr. Pochampally asserts that the first two acts found under the second rule for contempt (the April 19 and May 3, 2013, weekends) occurred during the time Dr. Jaligam was overtly threatening her through the children, and that she filed for the appointment of an attorney for the children, all appropriate given her reasonable concern for their welfare in light of threats. She also uses this argument as justification for the March 23, 2013 visitation violation.
Concerning the August 23-27, 2012 finding of contempt based on Dr. Jaligam’s August 15, 2012 ex parte order allowing him to take the minor children to Virginia, Dr. Pochampally argues- that although the Mississippi order of protection was in effect on August 23-27, 2012, she did not engage in any contemptuous conduct which prevented Dr. Jaligam from taking the children to Virginia on that weekend. She asserts that even under the Mississippi order of protection, Dr. Jaligam could have picked up the children after school and taken them to Virginia. However, Dr. Jal-igam was ordered to appear before the Madison, Mississippi Municipal Court and defend against Dr. Pochampally’s domestic abuse protection order on August 23, 2012, the day he was to depart for vacation with his children. In fact on that day the Mississippi Court did in fact grant a tempo *470 rary abuse protection order based upon the Civil District Court for the Parish of Orleans’s finding of “substantial evidence of domestic abuse” that allegedly occurred during the marriage more than six years earlier. A hearing was held before the Yazoo County Court, State of Mississippi on October 23, 2012. |inThat court denied Dr. Pochampally’s petition for final domestic abuse protective order.
As a result of Dr. Pochampally’s unsubstantiated allegations of abuse, Dr. Jali-gam was effectively deprived of his court awarded visitations for August 16, 2012, through October 23, 2012.
The trial court heard the arguments from both sides and determined that Dr. Pochampally did not justify her violations of court ordered visitation dates and was in fact in constructive contempt of court. We find no error in the trial court’s ruling.
CONCLUSION
After a review of the record, we conclude that the evidence supports the trial court’s finding of constructive contempt. Dr. Jaligam presented compelling evidence of Dr. Pochampally’s willful defiance of court sanctioned visitation orders. Dr. Po-champally has presented no justifiable excuse for repeatedly depriving the father of his court ordered visitations. Thus, we conclude that the trial court was not manifestly erroneous or clearly wrong in finding Dr. Pochampally to be in constructive contempt and in imposing sanctions in accordance with the applicable statutes. Accordingly, we affirm.
AFFIRMED

. The matter was appealed to this Court in Jaligam v. Pochampally, 2012-1510 (La.App. 4 Cir. 4/24/13), 115 So.3d 694, writ denied, 2013-1198 (La.6/12/13), 118 So.3d 1075.

. On August 23, 2012, this Court denied the mother's writ contesting this order in case # 2012-C-1255.

. Attorney’s fees are also recoverable pursuant to La. R.S. 9:375(B), which states: "When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.”
Furthermore, La. R.S. 13:461 l(l)(d) provides in pertinent part:
Except as otherwise provided for by law:
(1) The Supreme Court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
[[Image here]]
(d) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.