STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1227

FRANCIS N. KATELY

VERSUS

GLOBAL DATA SYSTEMS, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-3812
HONORABLE DURWOOD CONQUE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

Amy, J., concurs in the result.
Pickett, J., concurs in the result.

**J. Isaac Funderburk**
**Funderburk & Herpin**
**P.O. Drawer 1030**
**Abbeville, LA 70511-1030**
**Counsel for Plaintiff-Appellee:**
    **Francis N. Kately**

**Michael D. Hebert**
**Milling Benson Woodward, L.L.P.**
**101 La Rue France, Suite 200**
**Lafayette, LA 70502**
**Counsel for Defendant-Appellant:**
    **Global Data Systems, Inc.**

**PAINTER, Judge.**

Defendant, Global Data Systems, Inc. ("GDS"), appeals the trial court's judgment awarding Plaintiff, Frances[1] N. Kately ("Kately"), payment for her unused vacation time upon the termination of her employment with GDS. Finding no error in the trial court's ruling, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was hired by Defendant on April 23, 2003 as a full-time employee. Her employment was terminated by Defendant on April 2, 2004. Upon the separation of employment, Kately alleged that she was due $907.69 in wages for her accrued but unused vacation time, and she made written demand for payment of that amount plus penalty wages. When GDS refused to pay the amount claimed, Kately filed a Summary Petition for Wages Due, Penalty Wages, and Attorney's Fees under La.R.S. 23:631, *et seq*.

The matter came for hearing on a Rule to Show Cause. The parties stipulated to the facts that at that time of her separation of employment, Kately had 64.65 hours of accrued but unused vacation time and that she was earning $14.0387 per hour. GDS did not dispute that it had received Kately's demand or that it had not paid Kately. Following the hearing, the trial court rendered judgment in favor of Kately in the amount of $907.60 plus $2,437.50 in attorney's fees. Kately's demand for penalties was denied.

GDS now appeals this judgment. Since Kately has not appealed the denial of penalties, the only issue now before this court is whether the trial court was correct in holding that Kately was entitled to be paid for her unused vacation time as wages upon the separation of her employment from GDS.

---

[1] Kately's first name appears as "Francis" in the caption of this case but we note that she has signed her name as "Frances" in other documents that appear in the record.

1

Louisiana Revised Statutes 23:631 provides, in pertinent part, as follows:

A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

. . . .

D. (1) For purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:

(a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.

(b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.

(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.

Louisiana Revised Statutes 23:634 provides, in part:

A. No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.

The focus of our review in this case is whether Kately's vacation time was "an amount due under the terms of employment" or "wages." We review this matter under the manifest error standard; thus, we may not set aside the trial court's findings of fact in the absence of manifest error or unless they are clearly wrong. *Picard v. Vermilion Parish Sch. Bd.*, 98-1933 (La.App. 3 Cir. 6/23/99), 742 So.2d 589, *writ*

2

*denied*, 99-2197 (La. 11/19/99), 749 So.2d 675; *Fontenot v. Ryder Truck Rental, Inc.*, 03-1129 (La.App. 3 Cir. 3/24/04), 869 So.2d 330.

Effective January 7, 2004, GDS revised its vacation policy to provide as follows:

**VACATION**

Only full time Global Data Systems employees are eligible for paid vacation time off. Full-time employees employed on the first day of the fiscal year will be eligible for 10 days/80 hours of vacation time off if employee's anniversary date occurring in the current fiscal year is six (5) [sic] years or less. If employee's anniversary date occurring in the fiscal year is seven (6) [sic] years or greater, the employee will be eligible to use 15 days/120 hours of vacation time off.

Employees hired after the first day of the current fiscal year will accrue 3.33 hours per pay period (semi-monthly pay period). If employee is hired after October 1st, there will be no vacation time accrued for that fiscal year.

An employee is not eligible for vacation time until after their 90-day probationary period.

Upon termination of employment all unused vacation time will be forfeited and not paid.

Vacation days cannot be carried over to the next year and financial compensation will not be provided in lieu of unused vacation. Once you have used up your vacation hours you must take any additional time off without pay.

. . .

**VACATION TENURE**

All vacation time will be based on actual continuous full time worked at GDS. If an approved leave of absence is taken (for maternity, illness, military, etc.), the vacation time clock will start where it was when that employee left only if that employee comes back on a full time basis. An unapproved leave of absence (regardless of duration) will result in immediate suspension and/or dismissal.

Employees are encouraged to use and enjoy their vacations. The manager of the department must approve all vacation requests. In every instance, efforts will be made to accommodate the desires of the employee to take certain time off for vacation, but each employee must understand that the needs of our customers will have to be met. If two or more employees request the same time off but only one can be given the time, then seniority of the employees will determine preference.

3

If a holiday falls during a planned vacation, it will be treated as a holiday, not a vacation day.

Eligible employees will be paid for earned but not unused vacation upon termination. The final paycheck will also be adjusted for vacation taken but not earned. The vacation hours will not be forfeited if V.P. of employee's department approves and confirms employee could not schedule a vacation due to workload.

Kately did sign an Acknowledgment of Receipt of the revised Global Employee Handbook on January 29, 2004.

Generally, "[v]acation pay is considered to be wages for the purposes of LSA-R.S. 23:631." *Picard*, 742 So.2d at 591 (citations omitted). However, "where an employer has a clearly established policy that vacation time is not considered wages for the purposes of La.R.S. 23:631(D)(2), an employee is not entitled to reimbursement for unused, accrued vacation time." *Id*. at 591 (citing *Huddleston v. Dillard Dept. Stores, Inc.*, 94-53 (La.App. 5 Cir. 5/31/94), 638 So.2d 383). This court has previously held that:

> [I]n the absence of a clear, written policy establishing that vacation time granted by an employer to an employee is nothing more than a mere gratuity and not to be considered an amount due or a wage, accrued but unused vacation time is a vested right for which an employee must be compensated upon discharge or resignation.

*Id*. at 595-96. Moreover, any ambiguity will be interpreted against the employer. *Fontenot*, 869 So.2d 330 (citing *Baudoin v. Vermilion Parish Sch. Bd.*, 96-1604 (La.App. 3 Cir. 4/2/97), 692 So.2d 1316, *writ denied*, 97-1169 (La. 6/20/97), 695 So.2d 1358).

We agree with the trial court's factual finding that GDS' policy did not clearly state that the vacation time given to its employees was a "mere gratuity." We find no merit in GDS' argument that "the explicit statements in the post-January 7, 2004 Global Employee Handbook that 'upon termination of employment all unused vacation time will be forfeited and not paid' and 'financial compensation will not be

4

provided in lieu of unused vacation' qualify as 'a clear written policy establishing that vacation time granted by' Global to Kately 'is nothing more than a mere gratuity and not to be considered an amount due or a wage.'" Even GDS admits that the statement, "[e]ligible employees will be paid for earned but not unused vacation upon termination," which appears in both the pre-January 7, 2004 and post January 7, 2004 employee handbooks, is ambiguous. Furthermore, even GDS' Senior Vice President, Edward McCracken, who testified at the hearing of this matter, recognized that there was "a lack of knowledge in terms of . . . the nomenclature and the description . . . used to find what the old policy was where you have earned vacation and accrued vacation and one of the new policy where you have unused vacation."

In any event, none of these statements establishes that vacation time at GDS is a "mere gratuity." While we do not read *Picard* to require the use of any "magic words," we find that GDS' policy does not explicitly state that vacation time is a gift, a donation, or unearned. In fact, GDS' revised policy continues to speak in terms of "eligibility" for and "accrual" of vacation time and states that "[a]ll vacation time will be based on actual continuous full time worked at GDS." Thus, following *Picard*, we find that Kately's unused vacation time was a vested right for which she must be compensated. Therefore, based on our review of the record, we cannot say that the trial court committed manifest error in finding that Kately was entitled to be paid for her unused vacation time upon the termination of her employment at GDS.

Again, since Kately has not appealed the trial court's failure to award penalties, we cannot consider whether the trial court erred in denying her claim therefor.

**DECREE**

For the above and foregoing reasons, we find no manifest error in the trial court's findings that GDS' policy did not clearly state that vacation time was a "mere

5

gratuity" and that Kately's unused vacation time was "wages." Therefore, we affirm the judgment awarding her $907.60 plus $2,437.50 in attorney's fees. Costs of this appeal are assessed to Defendant-Appellant, Global Data Systems, Inc.

**AFFIRMED.**