STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

NOLTON F. SEMIEN

VERSUS

THE GEO GROUP, INC.

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2009-554
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Samuel B. Gabb
Plauche, Smith & Nieset, L.L.C.
1123 Pithon Street
Lake Charles, LA 70601
(337) 436-0522
Counsel for Defendant/Appellee:
    The Geo Group, Inc.

Paul F. Bell
Bell Law Firm, LLC
4949 Tulane Drive
Baton Rouge, LA 70808
(225) 246-2325
Counsel for Plaintiff/Appellant:
    Nolton F. Semien

**DECUIR, Judge.**

In this suit for payment of unused Paid Time Off and Long Term Illness time, Nolton Semien appeals a trial court judgment relieving The GEO Group, Inc. of liability for such payments.

## FACTS

Nolton Semien (Semien) was employed by The GEO Group, Inc. (GEO) from March 1994 through February 3, 2009. In October, 2008, GEO announced a change in its policy regarding time off. Beginning on December 29, 2008, the GEO Employee Handbook provided that:

> PTO [paid time off] is a benefit that combines elements of the former Vacation and Sick Leave. At the beginning of each fiscal year, eligible full time employees will be granted PTO, . . . which must be used during that year or it will be forfeited[.] . . . PTO days are not paid out upon termination.

Similarly, Long Term Illness (LTI) was granted to allow additional time off "in the event of illness that lasts more than two consecutive days." Semien received and acknowledged notice of these changes. Moreover, anticipating the change, in November 2008, Semien used all of the remaining vacation hours that he had accrued under the former vacation policy which allowed workers to accrue time based on hours worked.

In accordance with the new policy, Semien was granted PTO and LTI benefits on December 29, 2008. On January 27, 2009, he was terminated. Semien filed this suit to recover payment for unused PTO and LTI. The trial court found no payment was owed by GEO. Semien lodged this appeal.

## DISCUSSION

Semien contends that the trial court erred in concluding that GEO properly withheld wages and that La.R.S. 23:631 and La.R.S. 23:634 do not apply. Semien

also contends the trial court erred in failing to award penalties, attorney fees and costs under La.R.S. 23:632. We disagree.

An employer must pay a discharged employee "an amount due under the terms of employment" or "wages." La.R.S. 23:631. In addition, an employer cannot require forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy. La.R.S. 23:631, La.R.S.23:634.

The key question in this case is whether Semien's Paid Time Off (PTO) and Long Term Illness (LTI) are "an amount due under the terms of employment" or "wages" and more particularly were they "earned" by Semien.

"We review this matter under the manifest error standard; thus, we may not set aside the trial court's findings of fact in the absence of manifest error or unless they are clearly wrong." *Kately v. Global Data Systems, Inc.*, 05-1227, p. 2 (La.App. 3 Cir. 4/5/06), 926 So.2d 145, 147 (citing *Picard v. Vermilion Parish Sch. Bd.*, 98-1933 (La.App. 3 Cir. 6/23/99), 742 So.2d 589, *writ denied*, 99-2197 (La. 11/19/99), 749 So.2d 675, and *Fontenot v. Ryder Truck Rental, Inc.*, 03-1129 (La.App. 3 Cir. 3/24/04), 869 So.2d 330). Where the appeal involves a conclusion of law, the appellate court must determine whether the trial court correctly decided the legal issues in dispute. *Senousy v. Senousy*, 05-198 (La.App. 3 Cir. 6/1/05), 905 So.2d 461, *writ denied*, 05-2073 (La. 2/10/06), 924 So.2d 169.

In *Kately*, the court said:

> Generally, "[v]acation pay is considered to be wages for the purposes of La.R.S. 23:631." *Picard*, 742 So.2d at 591 (citations omitted). However, "where an employer has a clearly established policy that vacation time is not considered wages for the purposes of La.R.S. 23:631(D)(2), an employee is not entitled to reimbursement for unused, accrued vacation time." *Id*. at 591 (citing *Huddleston v. Dillard Dept. Stores, Inc.*, 94-53 (La.App. 5 Cir. 5/31/94), 638 So.2d 383. This court has previously held that:

2

> [I]n the absence of a clear, written policy establishing that vacation time granted by an employer to an employee is nothing more than a mere gratuity and not to be considered an amount due or a wage, accrued but unused vacation time is a vested right for which an employee must be compensated upon discharge or resignation.
>
> *Id*. at 595-96. Moreover, any ambiguity will be interpreted against the employer. *Fontenot*, 869 So.2d 330 (citing *Baudoin v. Vermilion Parish Sch. Bd.*, 96-1604 (La.App. 3 Cir. 4/2/97), 692 So.2d 1316, *writ denied*, 97-1169 (La. 6/20/97), 695 So.2d 1358.

*Kately,* 926 So.2d 145, 148.

In this case, the trial court found that GEO's policy clearly distinguished between vacation and sick leave under the old policy and PTO and LTI under the new policy. The court also found that GEO's new policy unambiguously provided that PTO and LTI were "granted" as a benefit by GEO and not "earned" by the employee. Moreover, a review of Semien's final pay stub reveals balances for PTO and LTI consistent with the implementation of that policy. The record establishes that Semien was aware of the change in policy and took steps to avoid losing time accrued under the prior policy. Accordingly, the court found that Semien was not entitled to payment for his unused PTO and LTI. Likewise, the court found that no penalties, attorney fees or costs were due to Semien. After reviewing the record, we find no manifest error in the trial court's factual determination that GEO was not required to pay Semien for the unused PTO and LTI, nor its legal conclusion that La.R.S. 23:631, La.R.S. 23:632, and La.R.S.23:634 were inapplicable.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Nolton Semien.

**AFFIRMED**.

3