WHIPPLE, C.J.
|2Yolunda Davis appeals a summary judgment granted in favor of her former employer, St. Francisville Country Manor, L.L.C. (“St. Francisville”), which dismissed Ms. Davis’s petition for unpaid wages. For the following reasons, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY

Ms. Davis was employed as a licensed practical nurse by St. Francisville until August 23, 2010, when she signed a letter of resignation and left her employment on the same day. Ms. Davis received her final paycheck from St. Francisville on September 7, 2010 in the amount of $347.14. Several days later, Ms. Davis sent written correspondence to St. Fran-cisville, notifying it that she was still due payment for outstanding unpaid benefits and demanding payment within three days. Ms. Davis eventually filed a lawsuit on November 18, 2011, seeking unpaid wages. Ms. Davis’s petition alleged that St. Francisville had failed to pay her approximately $1,008.00 for her accrued and earned paid days off (“PDO”), despite amicable written demand. Ms. Davis sought payment of these unpaid “wages,” plus ninety days penalty wages, attorney’s fees, and court costs.
In response, St. Francisville filed a motion for summary judgment, seeking a dismissal of Ms. Davis’s lawsuit. St. Francis-ville argued that no additional amounts were owed to Ms. Davis because: (1) the PDO accumulated by Ms. Davis did not constitute “wages” or “vacation pay” for which compensation was owed and (2) St. Francisville’s employee benefit schedule specifically provides that compensation for PDO is not paid to employees, such as Ms. Davis, who quit without proper notice.
After a hearing on the matter, the trial court granted St. Francisville’s motion for summary judgment and dismissed Ms, Davis’s lawsuit.
IííMs. Davis now appeals, asserting the following assignments of error:
1. The trial court erred when it failed to find that genuine issues of material fact existed regarding whether the PDO benefit was a wage or a mere gratuity.
2. The trial court erred when it failed to find that genuine issues of material fact existed regarding whether St. Francisville owed Ms. Davis any unpaid wages.
3. The trial court erred when it failed to find that genuine issues of material fact existed regarding whether St. Francisville could require Ms. Davis, an at-will employee, to forfeit her wages.
4. The trial court erred when it failed to find that genuine issues of material fact existed regarding whether St. Francisville set forth a good faith, non-arbitrary defense or should be subjected to penalties.
5. The trial court erred when it failed to find that genuine issues of fact existed regarding whether Ms. Davis was entitled to penalties and attorney’s fees.

STANDARD OF REVIEW

A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The summary judgment procedure is expressly favored in the law and is designed to secure the just, *22 speedy, and inexpensive determination of non-domestic civil actions. LSA-C.C.P. art. 966(A)(2).
The mover bears the burden of proving that he is entitled to summary judgment. LSA-C.C.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent’s claim, action, or defense. LSA-C.C.P. art. 966(C)(2). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evi-dentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the mover has put forth supporting proof through | ¿affidavits or otherwise, the adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. art. 967(B).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. East Tangipahoa Development Company, LLC v. Bedico Junction, LLC. 2008-1262 (La.App. 1st Cir.12/23/08), 5 So.3d 238, 243-244, writ denied, 2009-0166 (La.3/27/09), 5 So.3d 146.

DISCUSSION

Characterization of the “PDO” Provision: Wages or Gratuity

(Assignments of Error Nos. 1 and 2)
The Louisiana Wage Payment Act, LSA-R.S. 23:631 et seq., is designed to compel prompt payment of earned wages upon an employee’s discharge or resignation. Slaughter v. Board of Supervisors of Southern University and Agricultural and Mechanical College, 2010-1049 (La. App. 1st Cir.8/2/11), 76 So.3d 438, 446. Specifically, LSA-R.S. 23:631(A)(l)(b) provides that upon resignation of an employee, the employer shall pay the employee “the amount then due under the terms of employment” on or before the earlier of the next regular pay day or fifteen days following the employee’s discharge. For purposes of LSA-R.S. 23:631(A), wages are equivalent to the “amount then due under the terms of employment,” i.e., wages, or compensation, earned during a pay period. Boudreaux v. Hamilton Medical Group, Inc., 94-0879 (La.10/17/94), 644 So.2d 619, 622; Slaughter, 76 So.3d at 450-451.
In seeking summary judgment, St. Francisville contended that no additional compensation was due to Ms. Davis because the accumulated paid days off do not | ^constitute “vacation” for purposes of LSA-R.S. 23:631(D).[1] In support of this argument, St. Francisville introduced its *23 employee benefit schedule, which states the following in regard to paid days off:
All employees who have completed their probationary period and work for at least 35 hours per week are entitled to 10 PDO annually. These accrue at the rate of 3.333 hours per payroll period. These days are provided in lieu of vacation or holidays. In other words if you take off Christmas day and want to be paid for that day you must request to use one of your PDO.
PDO are equal to 8 hours times your pay rate. PDO are paid for days that you take off, not for days you work. PDO can be requested the pay period before you want it paid from February 1st to November 15th. For the time period November 15th to January 31st, PDO must be requested and approved 45 days in advance. PDO accruals are accrued in one year to be banked and used in the following year.
You can carry over up to three (3) PDO past your anniversary date. All days over three (3) will be paid to you the pay period after your anniversary date.
This benefit is paid to active employees. If you quit without proper notice you forfeit this benefit.
(Emphasis added),
St. Francisville argued that summary judgment was proper because the accumulated paid days off are granted to employees, in the nature of a mere gratuity, and, thus, do not constitute “vacation” for purposes of LSA-R.S. 23:631(D). The trial court agreed that the PDO were not earned and, thus, were not wages due. In determining whether the trial court correctly granted summary judgment on this basis, we must consider whether, as a matter of law, the compensation sought by Ms. Davis in her petition for the accumulated, but unused |BPPO benefit constitutes a gratuitous benefit for which no compensation could be due, as opposed to an “amount then due under the terms of employment” pursuant to LSA-R.S. 23:631.[2] The jurisprudence recognizes that vacation benefits that have accrued to an employee over the course of his or her employment are encompassed within the ambit of the statute as an “amount then due under the terms of employment.” See Beard v. Summit Institute for Pulmonary Medicine and Rehabilitation, Inc., 97-1784 (La.3/4/98), 707 So.2d 1233, 1235,[3] and Barrilleaux v. Franklin Foundation Hospital, 96-0343 (La.App. 1st Cir 11/8/96), 683 So.2d 348, 353, writ denied, 96-2885 (La.1/24/97), 686 So.2d 864. Subsection (D) of LSA-R.S. 23:631 specifically addresses payment for accumulated vacation time, stating that vacation pay will be considered an amount due only if, in accordance with the stated vacation policy, the employee is eligible and has accrued the right to take vacation time and has not *24 been otherwise compensated for the vacation time. Likewise, unused “paid time off’ that an employee has accrued during the course of and based on work under the terms of his or her employment constitutes wages earned during a pay period due under the Louisiana Wage Payment Act. Boudreaux, 644 So.2d at 619.
When an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is not a mere gratuity or illusory promise, but a vested right in the employee to the promised benefit. Knecht v. Board of Trustees for State Colleges and Universities and Northwestern State University, 591 So.2d 690, 695 (La.1991).[4] Applying this principle, the court in Macrellis v. Southwest Louisiana Independence Center, 94-1155 (La.App. 3rd Cir.5/3/95), 657 So.2d 135, 137, recognized that earned annual leave was an “amount then due” within the meaning of LSA-R.S. 23:631, noting that “[ajlthough the right to enjoy the annual leave was prospective, it became the property of the employee as it was earned during the first year of employment. Thus, the earned annual leave was an ‘amount then due’ under LSA-R.S. 23:631(A).” See also, Beard, 707 So.2d at 1235.
Based on our review of the law and the record, we conclude that St. Francis-ville failed to demonstrate the absence of factual support for an element of Ms. Davis’s claim that the unused, accumulated PDO benefit constituted earned wages for which compensation was due. Specifically, St. Francisville failed to demonstrate that Ms. Davis would be unable to establish that she had a vested right in her accumulated “paid days off’ and that compensation for such accrued paid days off was owed to her as an “amount then due under the terms of employment.” St. Franeis-ville promised its employees, including Ms. Davis, that they could accrue paid days off during the course of their employment if certain conditions were met. Specifically, the employee benefit schedule states that employees who have completed their probationary period and who work at least thirty-five hours per week are entitled to ten paid days off annually, which accrue at the rate of 3.333 hours per payroll period. There is no dispute that Ms. Davis met these stated | Rconditions. There is also no dispute that Ms. Davis had accumulated certain unused, paid days off at the time of her resignation.
Any purported difference between “paid days off’ and “vacation time with pay” is a distinction without substance and is simply a matter of semantics. The right to compensation vests as an eligible employee accrues the paid time off in accordance with the employee benefit schedule. The accrual of the right to be compensated while not at work, whether labeled “vacation,” “paid days off,” or any other similar label, is the triggering event that renders Subsection 631(D) applicable. The compensation owed for the unused, paid time off is “an amount then due” under Subsection 631(D) and must be timely paid in accordance with Subsection 631(A). See LSA-R.S. 23:631; Beard, 707 So.2d at 1235; Barrilleaux, 683 So.2d at 353.
We recognize that other appellate courts have found that “where an employer has a clearly established policy that vacation time is not considered wages for the pur *25 poses of La-R.S. 23:631(D)(2), an employee is not entitled to reimbursement for unused, accrued vacation time” on the theory that in such a situation, vacation time is a mere gratuity. Semien v. The Geo Group, 2010-642 (La.App. 3rd Cir.12/8/10), 52 So.3d 1019, 1020, writ denied,, 2011-0083 (La.2/25/11), 58 So.3d 458, citing Kately v. Global Data Systems, Inc., 05-1227 (La.App. 3rd Cir.4/5/06), 926 So.2d 145. However, as acknowledged in both Semien and Kately and as noted by this court in Alumbaugh v. Global Data Systems, Inc., 2008-1281 (La.App. 1st Cir.12/23/08) (unpublished opinion), in the absence of a clear, written policy establishing that vacation time granted by an employer is nothing more than a mere gratuity and not to be considered an amount due or a wage, accrued but unused vacation time is a vested right for which an employee must be compensated or paid upon discharge or resignation.
|3St. Francisville relies on Semien in support of its argument that the language of its policy provides a mere gratuity. In Semien, the employer’s leave policy provided that employees were “granted” paid time off (PTO) at the beginning of each fiscal year, such that it was not earned or accrued over the course of any pay period. The PTO days had to be used during that year or forfeited and would not be paid out upon termination. The court found the employer was not required to pay an employee for unused PTO because the employer’s policy clearly provided that PTO was “granted” as a benefit and not “earned” by the employee. Semien, 52 So.3d at 1019. In contrast, St. Francis-ville’s employee benefit schedule does not “clearly establish” that “paid days off’ are not considered wages for the purposes of LSA-R.S. 23:631(D). The benefit schedule does not expressly state that paid days off are a gift, a donation, or unearned. Instead, St. Francisville’s benefit schedule speaks in terms of the employee being entitled to paid days off, which accrue at a specified, work-related rate during each pay period. See Alumbaugh v. Global Data Systems, Inc. 2008-1281 (La.App. 1st Cir.12/23/08) (unpublished opinion).[5] Thus, under St. Francisville’s benefit schedule, an employee who has completed the probationary period and who works at least thirty-five hours per week is entitled to earn PDO, which accrues at the rate of 3.333 hours per payroll period the employee works.
Accordingly, we conclude that St. Fran-cisville failed to demonstrate that it was entitled as a matter of law to judgment in its favor dismissing Ms. Davis’s claims on the basis that the amount at issue was a gift and a gratuity and that Ms. |ulDavis would be unable to establish that the earned, but unused, PDO benefit is an “amount then due under the terms of employment” pursuant to LSA-R.S. 23:631. The trial court erred in holding otherwise.

Forfeiture

(Assignment of Error No. 3)
We next address whether St. Fran-cisville established that, as a matter of law, *26 Ms. Davis can be held to have forfeited payment of compensation for her accumulated PDO by leaving her employment with St. Francisville without proper notice. As noted above, the employee benefit schedule at issue herein states that “if you quit without proper notice you forfeit this benefit.”
Because we conclude that St. Francis-ville’s benefit schedule entitles an employee who has completed the probationary period and who works at least thirty-five hours per week to earn PDO, which accrues at the rate of 3.333 hours per payroll period the employee works, we likewise conclude that the “forfeiture clause” in the benefit schedule is invalid under LSA-R.S. 23:634, which prohibits an employer from requiring an employee to forfeit wages upon resignation or termination.[6] In Beard, the employer argued that since its personnel policy provided that vacation pay is forfeited when an employee abandons his or her position, which the employee did, compensation for such vacation pay was not due under the terms of employment. The Louisiana Supreme Court rejected the employer’s argument, stating:
La. R.S. 23:634 strictly forbids an employer from requiring an employee to forfeit her “wages” upon resignation and provides that the employee shall be entitled to the wages actually earned up to the time of their discharge or resignation. The terms of Beard’s | ^employment were that she would be compensated for any unused vacation time. Because accrued vacation time is “wages,” La. R.S. 23:634 prohibits an employment policy or a signed employment contract which requires its forfeiture.
Beard, 707 So.2d at 1235-1236.
Similarly, in the instant case, compensation for an accumulated, but unused, PDO benefit is an “amount then due under the terms of employment” and constitutes wages under LSA-R.S. 23:631, such that LSA-R.S. 23:634 strictly prohibits the provision in St. Francisville’s benefit schedule that mandates forfeiture of these wages when an employee, such as Ms. Davis, quits without proper notice.[7]
Thus, on the record before us, we likewise conclude that St. Francisville failed to establish that it was entitled as a matter of law to judgment in its favor dismissing Ms. Davis’s claims based on its assertion that she forfeited the compensation owed for her accumulated PDO benefit by quitting without proper notice. Accordingly, the judgment of the trial court granting St. Francisville’s motion for summary and dismissing Ms. Davis’s claim for unpaid wages must be reversed, and the matter is remanded for further proceedings.[8]

CONCLUSION

For the above reasons, we reverse the November 5, 2012 judgment in favor of St. *27 Franeisville Country Manor, L.L.C. and remand this case to the trial court for further proceedings consistent with the views expressed herein. All costs are assessed to defendant, St. Franeisville Country Manor, L.L.C.
REVERSED AND REMANDED,

. Louisiana Revised Statute 23:631(D) provides as follows:
For purposes of this Section, vacation pay will be considered an amount then due only if in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
(a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay
(b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.
(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.

. In addressing this issue, we note that Ms. Davis did not file a cross-motion for summary judgment. Thus, our analysis in this appeal is limited to whether St. Francisville has demonstrated as a matter of law that the benefit at issue constitutes a lawful gratuitous benefit for which no compensation is due and, therefore, has demonstrated that Ms. Davis would be unable to establish the essential elements of her claim that her accumulated, but unused PDO benefit was an "amount due under the terms of employment” pursuant to LSA-R.S. 23:631.

. In Beard, the Louisiana Supreme Court held as follows:
When an employer agrees to pay employees for unused vacation time as a condition of their employment, that accrued vacation pay is compensation that is earned during a pay period under Boudreaux [, 644 So.2d at 621-622], As such, accrued vacation time is an 'amount then due under the terms of employment’ and constitutes wages under La. R.S. 23:631
Beard, 707 So.2d at 1235.

. In Knecht, the Louisiana Supreme Court found that employees were entitled to receive accumulated, but unused, compensatory leave that was accrued pursuant to the employer's policy of compensating for unpaid overtime by granting paid leave. The court rejected the employer’s argument that the ability to accrue leave was a privilege which could be revoked, finding that the employer failed to recognize that the employees had a contractual right and a property interest in the accumulated leave. Knecht, 591 So.2d at 696.

. In Alumbaugh, the employer argued that its vacation policy clearly established that vacation time was gratuitous and not to be considered an amount due under LSA-R.S. 23:631. The employer relied on provisions in its vacation policy providing that "[u]pon termination of employment, all unused vacation time will be forfeited and not paid” and that "financial compensation will not be provided in lieu of unused vacation.” This court disagreed with the employer’s argument, stating that "Global’s employee vacation policy does not expressly state that paid vacation time was a gift, a donation, or unearned. Rather, Global's employee vacation policy speaks in terms of eligibility for and accrual of vacation time and specifically provides that 'all vacation time will be based on actual continuous full time work’ at Global.” (Emphasis added).

.Louisiana Revised Statute 23:634 provides in pertinent part:
Contract forfeiting wages on discharge unlawful
A. No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.

. This is particularly appropriate, given that Louisiana is an at will employment state.

. In light of our reversal of the summary judgment and remand of the matter to the trial court through our resolution of assignments of error one through three, we preter-mit discussion of assignments of error four and five.