HANS J. LILJEBERG, Judge.
|2Pefendant, Choices of Louisiana, Inc. (“Choices”), appeals a summary judgment rendered in favor of its former employee and plaintiff herein, Tisha Grady, awarding her $486.00 for 27 hours of vacation pay, $12,060.00 for penalty wages, and $1,500.00 in attorney fees. For the following reasons, we reverse the summary judgment and vacate the awards to Ms. Grady. We *43 also deny Ms. Grady’s Motion for Attorney Fees on Appeal.

FACTS AND PROCEDURAL HISTORY

Choices is an opioid treatment center in Laplace, Louisiana. On February 23, 2010, plaintiff was hired by Choices as a licensed practical nurse earning $18 per hour. When she was hired, Ms. Grady was provided with a copy of Choices’ employment manual, for which she signed a receipt and acknowledgement form. The employment manual provides that full-time employees who work at least 40 hours per week are eligible for paid vacation time. Under the terms of the employment manual, Rail vacation time must be used by December 31st in the year that it is earned, and unused vacation time may not be accumulated and carried over to the next year.
Under the section entitled, “New Employees,” the employment manual contains the following pertinent provision:
If you were hired prior to July 1 of any calendar year, you will be eligible for the available vacation shown above to be used by the end of the calendar year in which you were hired. You will be eligible for 40 hours of vacation effective the first day of January following the date of hire. (Emphasis added.)
Under the section entitled, “Other Employees,” the employment manual provides, in pertinent part:
The company allows its employees to use their whole year’s worth of vacation beginning each January 1. We do this because we believe the employee will be with us the entire year. However, paid vacation is something earned over time. Should an employee leave our company before December 31, his or her vacation will be prorated by the number of weeks she or he has worked during the year. If less time is used than is earned, the employee will be paid for that unused time. If more time is used than earned, the pay received for that time will be deducted from the employee’s final pay, according to the following probation schedule.

(Emphasis added.)

[[Image here]]
Probation schedule:
If eligible for 40 hours of vacation, one earns 0.77 hours per week worked.
There are 52 weeks in a year.
Because Ms. Grady was hired before July 1, 2010, pursuant to the terms of the employment manual, she was eligible to use 40 hours of vacation time as of January 1, 2011. On April 16, 2011, Ms. Grady’s employment with Choices was terminated for allegedly violating policies of the company. Prior to the termination of her employment, Ms. Grady did not use any vacation time in 2011.
When Ms. Grady’s employment was terminated, Choices determined that she had earned 13 hours of vacation pay by calculating the number of weeks worked in 2011 and crediting her with 0.77 hours per week, as per the terms of the employment manual. Choices paid Ms. Grady for these 13 hours of vacation time. Ms. Grady ^demanded payment for the remaining 27 hours of vacation time, claiming that she was entitled to payment for the full 40 hours of vacation. However, Choices refused to pay Ms. Grady for the remaining 27 hours, asserting that because her employment was terminated prior to December 31, 2011, her vacation was prorated pursuant to the terms of the employment policy.
On November 2, 2011, Ms. Grady filed suit against Choices, alleging that when her employment was terminated, she was entitled to the full 40 hours of vacation pay. Ms. Grady further sought penalty *44 wages, pursuant to the Louisiana Wage Payment Act, LSA-R.S. 23:631, et seq., legal interest, attorney fees, and court costs. On July 23, 2012, Ms. Grady filed a Motion for Summary Judgment asserting that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law for 27 additional hours of vacation pay, 90 days of penalty wages per LSA-R.S. 23:632, and attorney fees.
Ms. Grady’s Motion for Summary Judgment came before the trial court for hearing on November 21, 2012, and the trial judge took the matter under advisement. Thereafter, on November 27, 2012, the trial court rendered a judgment, granting Ms. Grady’s Motion for Summary Judgment, awarding her $486.00 for unpaid wages, 90 days of penalty wages in the amount of $12,060.00, attorney fees in the amount of $1,500.00, and court costs. In its reasons for judgment, the trial court reasoned that because Ms. Grady was eligible to use 40 hours of vacation time as of January 1, 2011, those vacation hours were accrued. The trial court also found that Choices made Ms. Grady forfeit 27 hours of vacation pay upon the termination of her employment, which is prohibited under LSA-R.S. 23:634. Choices appeals.

DISCUSSION

It is well-settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment |Bis appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327, p. 6 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 195. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2).
In its first assignment of error on appeal, Choices argues that the trial court was wrong when it ignored the terms of Choices’ employment manual providing that vacation pay is earned over time and found that plaintiff had accrued 40 hours of vacation pay as of January 1, 2011. Choices asserts that its employment manual provides that an employee is “eligible” for vacation pay as of January 1st if she is employed by July 1st of the previous year. However, the manual clearly states that vacation hours are accrued or earned over time at a rate of 0.77 hours for every week worked. It further provides that vacation pay is prorated if an employee leaves employment before December 31st without using her vacation. Thus, when Ms. Grady’s employment was terminated on April 16, 2011, she was only entitled to 13 hours of vacation pay, which is calculated by the number of weeks worked in 2011 times 0.77. Choices asserts that it properly paid Ms. Grady for the 13 hours of vacation time earned and accrued during that year, and that she is not entitled to be paid for the remaining 27 hours.
Ms. Grady responds that because she was entitled to take 40 hours of vacation as of January 1, 2011, this vacation pay was fully earned and accrued at that time. l6She claims that she had a vested right to 40 hours of vacation pay and that Choices made her forfeit 27 hours, which is unlawful pursuant to LSA-R.S. 23:631 et seq. Ms. Grady further claims that proration of vacation pay violates LSA-R.S. 23:634.
*45 LSA-R.S. 23:631(A) provides that upon termination of an employee, the employer must pay “the amount then due under the terms of employment” to the employee. Section D(l) of this statute provides that vacation pay is considered “an amount then due” only if, in accordance with the stated vacation policy of the employer: 1) the employee is deemed eligible for and has accrued the right to take vacation time with pay; and 2) the employee has not taken or been compensated for the vacation time. Finally, Section (D)(2) provides that this section shall not be interpreted to allow the forfeiture of any vacation pay actually earned by the employee pursuant to the employer’s policy.
In the present case, Ms. Grady was hired prior to July 1, 2010. Therefore, pursuant to the terms set forth in Choices’ employment manual, she was eligible for 40 hours of vacation as of January 1, 2011. However, the full 40 hours of vacation were not accrued as of that date. Rather, vacation time was to be accrued weekly at a rate of 0.77 hours per week. Accordingly, when Ms. Grady’s employment was terminated on April 13, 2011, she had only earned or accrued 13 hours of vacation pay. It is undisputed that Ms. Grady had not taken any vacation time in 2011 prior to leaving her employment with Choices.
Based on the clear language of the employment manual, Ms. Grady was not entitled to payment for the full 40 hours of vacation when her employment was terminated. Rather, Choices properly paid her for the 13 hours of vacation that was actually earned.
In its reasons for judgment, the trial court did not find that, pursuant to the employment manual, Ms. Grady was entitled to receive vacation pay for the 27 hours |7claimed. Rather, the trial court found that Ms. Grady was entitled to this pay because Choices’ policy of prorating an employee’s vacation time by the number of weeks worked until termination of employment is prohibited pursuant to LSA-R.S. 23:634.
LSA-R.S. 23:634(A) provides:
No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.
The Louisiana Wage Payment Act, LSA-R.S. 23:631 et seq., is designed to compel prompt payment of earned wages upon an employee’s discharge or resignation. Davis v. St. Francisville Country Manor, L.L.C., 13-190, 2013 WL 5872030, at *2 (La.App. 1 Cir. 11/1/13), 136 So.3d 20, 22. The law is clear that accrued vacation pay is a wage and must be paid upon termination of employment. Boyd v. Gynecologic Associates of Jefferson Parish, Inc., 08-1263, p. 10 (La.App. 5 Cir. 5/26/09), 15 So.3d 268, 275; Aguillard v. Crowley Garment Mfg. Co., 01-593, 01-594 (La.App. 3 Cir. 2/27/02), 824 So.2d 347, writs denied, 02-1170, 02-1348 (La.8/30/02), 823 So.2d 955, 956. However, if the vacation pay has not yet accrued as of the date of termination, it is not “an amount then due” that is required to be paid under LSA-R.S. 23:631. The provisions of LSA-R.S. 23:631 and 23:634 do not prevent an employer from restricting an employee’s right to accrue annual leave. Wyatt v. Avoyelles Parish School Board, 01-3180, 02-0131, 02-0259, p. 11 (La.12/4/02), 831 So.2d 906, 915.
LSA-R.S. 23:631 and 23:634 prohibit the forfeiture of vacation pay that is actually *46 earned by the employee pursuant to the employer’s policy. Choices’ policy of prorating an employee’s vacation time by the number of weeks worked until termination of employment is not prohibited by LSAR.S. 23:634 or otherwise against |spublic policy. Ms. Grady was paid for the vacation pay that she actually earned by multiplying the number of weeks she worked in 2011 by 0.77, and she was not entitled to payment for any additional hours of vacation. While Ms. Grady was eligible for 40 hours of vacation as of January 1, 2011, the full 40 hours had not accrued by the date of termination of her employment.
Based on our de novo review, we find that the trial court erred by finding that Ms. Grady was entitled to 27 additional hours of vacation pay. Accordingly, we reverse the summary judgment and vacate the award of $486.00 for unpaid wages.
In its second assignment of error, Choices asserts that the trial judge was wrong when she ruled that Choices was required to pay Ms. Grady 90 days of penalty wages, totaling $12,060.00, pursuant to LSA-R.S. 23:632.
LSA-R.S. 23:632 provides, in pertinent part:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
Because Choices paid Ms. Grady for the vacation time that she actually earned and did not fail to comply with the provisions of LSA-R.S. 23:631, no penalty wages should have been awarded. Accordingly, we reverse the award of $12,060.00 in penalty wages.
Ms. Grady has filed a Motion for Attorney Fees, seeking an award for work on this appeal. Based on our findings in this opinion, we deny this request.

⅛DECREE

For the foregoing reasons, we reverse the summary judgment rendered by the trial court, and vacate the awards to Ms. Grady for unpaid wages, penalty wages, and attorney fees. We also deny the Motion for Attorney Fees.

REVERSED; MOTION FOR ATTORNEY FEES DENIED.

JOHNSON, J., dissents with reasons.