JAMES F. McKAY III, Judge.
The appellant, David M. Prados, appeals the ruling of the trial court holding him in direct contempt of court and ordering him to pay sanctions in the form of a fíne in the amount of one hundred dollars ($100.00), to the Judicial Expense Fund. We find no error in the trial court’s ruling and imposition of sanctions upon Mr. Pra-dos and affirm the trial court’s ruling.
David M. Prados is counsel of record in a civil property partition suit and represents the plaintiff, Lisa S. Kirschman. The substance of this appeal is unrelated to the underlying matter. On August 17, 2010, during the course of oral argument, Mr. Prados was held in direct contempt of court. The judgment was signed on September 13, 2010. On December 20, 2010, the trial court denied Mr. Prados’s motion for new trial and reconsideration. The judgment was signed on January 5, 2011.
Contempt of court proceedings in civil cases are governed by La. C.C.P. art. 221, et seq., which define contempt as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” The Louisiana Code of Civil Procedure provides for two kinds of contempt, direct and constructive. Applicable to the instant matter, direct contempt of court is defined in La. C.C.P. art. 222 as:
A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record.
Any of the following acts constitutes a direct contempt of court:
(1) Contumacious, insolent, or disorderly behavior toward the judge, or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
(2) Breach of the peace, boisterous conduct, or violent disturbance tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
(3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court;
*31 (4) Violation of a rule of the court adopted to maintain order and decorum in the court room;
(5) Contumacious failure to comply with a subpoena, proof of service of which appears of record, or refusal to take the oath or affirmation as a witness, or refusal of a witness to answer a non-incriminating question when ordered to do so by the court; and
(6) Contumacious failure to attend court to serve as a juror after being accepted as such, or to attend court as a member of a jury venire, when proof of service of the summons appears of record.
When deciding whether to hold someone in contempt, the trial court is vested with great discretion. City of Kenner v. Jumonville, 97-125, 97-210, 97-602 (La.App. 5 Cir. 8/27/97), 701 So.2d 223; Reeves v. Thompson, 95-0321 (La.App. 4 Cir. 12/11/96), 685 So.2d 575. The burden of proof in a civil contempt proceeding is by a preponderance of the evidence and appellate review is the manifestly erroneous standard. Talton v. USSA Casualty Ins. Co., 2006-1513, p. 16 (La.App. 4 Cir. 3/19/08), 981 So.2d 696, 713.
 At the very beginning of the August 17, 2010 hearing, the trial court, clearly in an attempt to maintain decorum and in consideration of all of the parties’ prior intransigent behavior, laid out parameters. The trial court cautioned:
There will be no speaking above a normal tone. There will be no interrupting the person speaking, as this makes for a better record for you to take me up if you so desire. You will not address each other, only the Court. You will not engage in personal attacks on other counsel or the Court. You will conduct yourselves in a professional manner. You will not disrespect the Court.
Failure to follow these rules shall result in a direct contempt of court and sanctions. Any sanctions imposed shall not be levied against your client, but you personally.
So do you both understand the rules that we’re about to enter into before we start this hearing.
Mr. Prados asserts that the trial court abused its discretion in sanctioning him for contempt of court. He contends that his oral argument was not intended to disrupt the proceedings or impair the dignity of the court, and was not contemptuous of the trial court’s authority, disrespectful, disruptive, or in excess of the wide latitude permitted a lawyer in zealously representing his chent’s cause.
Based on the record,, it is apparent that Mr. Prados is attempting to direct this Court to a single incident that occurred during oral argument as the impetus for the trial court’s ruling. He implies that the opening ruling of the trial court was an exhaustive list of infractions that could lead to a finding of direct contempt. It is not. The trial court has the authority and duty to maintain proper decorum during the course of a trial for the proper administration of justice. The transcript of the August 17, 2010 hearing is rife with several incidents of disruptions and interruptions by various parties. The trial court observed Mr. Prados’s conduct and found him to be in contempt. Based on the record before us we find that the trial court had justifiable reason for holding him in contempt. Accordingly, we find no abuse of discretion in the trial court’s ruling.
Mr. Prados also maintains that the trial court failed to find him in direct contempt of court. We disagree with this assertion and find that this assertion is disingenuous at the very least. We cite directly from *32 the transcript of the August 17, 2010 hearing:
Ms. Wilson: I have a question about that. Because when the court ordered that Mr. Prados make a payment, there was no finding that he was in direct contempt of court,
The Court: I did find him in direct contempt.
Ms. Wilson: Okay.
The Court: I did find him in direct contempt.
It is axiomatic that the trial court confirmed that Mr. Prados was in direct contempt of court. This argument is without merit.
Based on the above and foregoing reasons, we find that the trial court was neither manifestly erroneous nor clearly wrong in finding Mr. Prados in direct contempt of court and imposing sanctions. Accordingly, the trial court’s judgment is affirmed.
AFFIRMED