JACKSON'S LANDING NORTH     *     NO. 2023-CA-0783

        *

VERSUS                 *     COURT OF APPEAL

        *

GARNISHA PHILLIPS       *     FOURTH CIRCUIT

        *

                        STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
SECOND CITY COURT OF NEW ORLEANS
NO. 2023-00874-S, "A"
Honorable Ernestine Lillie Anderson-Trahan, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

Dane S. Ciolino
Clare S. Roubion
LOUISIANA LEGAL ETHICS, LLC
18 Farnham Place
Metairie, LA 70005

        COUNSEL FOR APPELLANT/MADELEINE VIDGER

                          **AFFIRMED**
                          **APRIL 09, 2024**

Appellant, Madeleine Vidger (hereinafter "Ms. Vidger"), seeks review of the trial court's July 10, 2023 judgment holding her in contempt of court and ordering the payment of fees. For the reasons that follow, we affirm.

**Facts and Procedural History**

Ms. Vidger is employed as an attorney with Southeast Louisiana Legal Services and was appointed to represent a defendant in an eviction proceeding. On June 20, 2023, the morning of the eviction proceeding, Ms. Vidger filed two exceptions of prematurity. She also filed a motion to continue the eviction hearing, arguing she could not proceed with the case because the *pro se* plaintiff failed to provide notices of lease violations. The trial court initially denied the motion to continue the hearing, Ms. Vidger objected, and the trial court permitted her to argue the merits of the motion. The trial court denied the motion, stating that Ms. Vidger could obtain the notices by email and proceeded with the eviction. By late afternoon, the notices had not been received by Ms. Vidger, who expressed her frustration by stating:

> Ms. Vidger: They aren't prepared. We've been here. They should have been prepared at 11 a[.]m[.], it's 3 o'clock.

1

The trial court noted Ms. Vidger's impatience and the following exchange occurred:

> The trial court: …With regard to your impatience, with this particular party, Southeast Legal, and you and your organization, you guys request much much patience and tons of leeway in dealing with your clients, and the Court allows you to do that because often you guys, your organization picks up a client along the way the day of court, and I think that's a great thing. I think it gives everyone access to justice. But when I allow you all to do that, you often need time and more time and extra time. I've extended time to you personally as an attorney for your clients, and you're not giving this young lady the proper opportunity to get all the documents she needs to be faxed over for you to insist that the Court is somehow wasting your time or its been too long because you have been here since 10 o'clock. Justice takes time, I'm here all day, as I'm sure you are as you're committed to serving this young lady. And I thank you for your zealous advocacy. But this, the landlord is unrepresented, she's a lay person, and I'm extending her the same courtesy as I would extend to you, and have extended to you before. And your impatience I find it contemptuous, and I ask that you don't do that anymore.

> Ms. Vidger: Respectfully, Your Honor, I have asked for a continuance and you denied it, but you let her have it.

Ms. Vidger complained she could not adequately represent her client without the actual notices. The plaintiff directed her response to the trial court, stating that a witness was available who could substantiate one of the lease violations. Rather than allow the trial court to respond to the plaintiff, Ms. Vidger interjected and directed the plaintiff to immediately call the witness. In response, the trial court stated:

> The trial court: I'm very patient with [Ms. Vidger], but not today. You've been rude. You've been short, you've been

2

> curt and disrespectful. It would be a disservice to your client. It's a disservice, you are.
>
> So, back to these motions. Is that okay with you, [Ms. Vidger]? Can I run the proceedings this time? Thank you... .

Ms. Vidger proceeded to argue the second exception of prematurity, notified the trial court that a witness needed to leave and requested permission to call the witness out of order. Although Ms. Vidger suggested calling the witness out of order, she attached a condition to her request – that the trial court grant her a continuance. The trial court responded:

The trial court:      Counselor, I'm not going to let you – if you want to call this witness, perhaps we can participate by Zoom, but I'm not going to have you rush me through the rest of these proceedings to accommodate whatever schedule you deem the Court should adhere by with regard to calling of witnesses. We're still on the merits of your exceptions that you filed yesterday, on today.

Ms. Vidger continued to argue her exception but complained to the trial court that she had been ready since that morning, and remarked the delay in proceeding was due to plaintiff's lack of preparation. The trial court denied Ms. Vidger's second request for a continuance. At that point, the trial court stopped the proceedings, stating:

The trial court:      Please do not come back and represent this – if you absolutely can[not] behave in a manner fitting that is polite, courteous, and a zealous advocate, but you're actions today have been so contemptuous, I'm going to consider whether or not to fine you. Because you have been absolutely rude, obnoxious, impatient, and unprofessional. And I want the record to reflect that. I'm very disappointed in your behavior today, not just in your words, but in your actions, in your demeanor, in your asides, in your facial expressions, and in your attempt to basically bully the Court to handle this matter in the order in which you [sic] deem is

3

> the best and most proper way; the most advantageous way for your client, I presume. But I think you have done your client a disservice with your rudeness and your curtness and your contemptuous behavior to the Court. I'm very disappointed. Please don't come back tomorrow. Good day.

Ms. Vidger exited the courtroom and slammed the door. The trial court ordered her to return, and commented:

The trial court:      I want the record to reflect that Ms. Vidger, to further confirm my ruling that she's been contemptuous, to substantiate that, she just left court and slammed the door loudly and rudely. I ask that you exit the courtroom now, again, Ms. Vidger, in a respectful manner. Yes another action by Counsel disrespecting this Court and the Court's time. Please exit without slamming the door, since the Constable has also indicated that you opened the door and it slammed shut behind you. Your client left a few moments ago, it was you. Okay, please leave again, quietly.

The next day, June 21, 2023, the eviction proceeding continued with another attorney from Southeast Louisiana Legal Services, Hannah Adams. Ms. Adams represented the defendant and the trial court granted the eviction.[1] Although Ms. Vidger was not present, at the conclusion of the eviction proceeding, the trial court stated on the record that it would formally articulate its prior finding of contempt against Ms. Vidger. The trial court revisited the events that occurred involving Ms. Vidger on June 20, 2023, and held her in direct contempt of court under La. C.C.P. arts. 222, 222.1 and 223.[2] The matter was set for a rule to show cause on July 10,

---

[1] The substance of this appeal is unrelated to the underlying eviction matter. *See Jackson's Landing North v. Garnisha Phillips*, 2023-CA-0782.

[2] The trial court explained on the record:

> The actions of Ms. Vidger were unprofessional, rude, contemptuous, impatient, insulting to the Court, and her actions and her demeanor, both verbally and with nonverbal cues by her mannerisms and actions including slamming the door when

4

2023 in order to afford Ms. Vidger an opportunity to be heard as required by La. C.C.P. art. 223. At the July 10, 2023 contempt hearing, the trial court noted that Ms. Vidger previously exhibited contemptuous behavior in its presence and that her actions were disrespectful and rude, stating:

> The trial court: …I've brought you into chambers and cautioned you about your behavior when you're speaking over the Court. You were sighing visibly…but I was surprised you being an Officer of the Court you would act in this manner. I was very disappointed in that, but again it's not the first time that [] has happened… .

The trial court rendered its judgment and ordered Ms. Vidger to pay a fine of $99.99 "to the registry of the Court from her personal funds." This appeal followed.

## Discussion

In Ms. Vidger's sole assignment of error, she asserts the trial court lacked evidentiary support to find her in direct contempt of court. She also maintains the contempt judgment is criminal in nature because the trial court sought to punish her actions. Thus, the finding of contempt required a higher burden of proof. We will discuss the legal principles governing contempt prior to our analysis of Ms. Vidger's argument on appeal.

## Contempt of Court

"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. C.C.P. art. 221. Essentially there are four types of

---

she left and refusing to really take ownership of that, was a violation of the rules for contempt and her actions actually – decorum of the Court was not observed. And I was very disappointed, it's not the first time… .

5

contempt: direct civil contempt, direct criminal contempt, indirect civil contempt, and indirect criminal contempt.[3] *Streiffer v. Deltatech Constr., LLC*, 2019-0990, p. 4 (La.App. 4 Cir. 3/25/20), 294 So.3d 564, 569 (citation omitted). "A contempt proceeding incidental to a civil action is civil in nature if its purpose is to force compliance with a court order… ." *HCNO Servs., Inc. v. Secure Computing Sys., Inc.*, 1996-1693, p. 18 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, 845. (citation omitted). Conversely, the proceeding "is criminal in nature if its purpose is to punish disobedience of a court order or other conduct that the law defines as contemptuous." *Id.* (citation omitted).

"The distinction between criminal and civil contempt is determinative of the procedural safeguards required by the federal constitution." *Streiffer*, 2019-0990, p. 8, 294 So.3d at 572. Civil contempt requires a finding of contempt by a preponderance of the evidence and affords the contemnor notice and an opportunity to be heard. *Id.*, 2019-0990, p. 9, 294 So.3d at 573 (citation omitted). Whereas, criminal contempt must be proven beyond a reasonable doubt and entitles a defendant to certain constitutional protections. *In re Milkovich*, 493 So.2d 1186, 1189 (La. 1986).[4] The dispositive inquiry in determining whether a contempt proceeding is civil or criminal in nature is "whether the punishment is remedial or punitive. If remedial, the contempt is civil; if punitive, the contempt is

---

[3] La. C.C.P. art. 221 recognizes two types of contempt: direct and constructive. Ms. Vidger does not dispute that she was found to be in direct contempt of court.

[4] "Criminal contempt is a crime in every fundamental respect, and the defendant in a criminal contempt proceeding is entitled to the basic constitutional protections such as the presumption of innocence, the right to proof of guilt beyond a reasonable doubt, and the right not to be compelled to testify against himself." *In re Milkovich*, 493 So.2d 1186, 1189 (La. 1986) (citation omitted).

criminal." *Streiffer*, 2019-0990, p. 7, 294 So.3d at 571-72. The United States Supreme Court has observed:

> [T]he critical features are the substance of the proceeding and the character of the relief that the proceeding will afford. 'If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.' The character of the relief imposed is thus ascertainable by applying a few straightforward rules.
>
> ***
>
> If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order.

*Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 631-32, 108 S.Ct. 1423, 1429, 99 L.Ed.2d 721 (1988) (internal citations omitted).

Whether the contempt is civil or criminal does not negate the discretion afforded to a trial court when finding an individual in contempt. *Streiffer*, 2019-0990, p. 9, 294 So.3d at 573 (citations omitted). "[T]he trial court is vested with great discretion" in deciding to hold someone in contempt. *Kirschman v. Kirschman*, 2012-0385, p. 2 (La.App. 4 Cir. 12/28/12), 109 So.3d 29, 31 (citations omitted). In a civil contempt matter a trial court's factual determinations are subject to a manifest error standard of review. *Streiffer*, 2019-0990, p. 9, 294 So.3d at 573 (citations omitted). Conversely, in a criminal contempt matter this Court must determine whether the evidence presented is sufficient to prove the contempt charge beyond a reasonable doubt. *Billiot v. Billiot*, 2001-1298, p. 5 (La. 1/25/02), 805 So.2d 1170, 1174 (citation omitted). "If the evidence is sufficient, a finding of contempt will be reversed only when the appellate court can discern an abuse of

the trial court's discretion." *Streiffer*, 2019-0990, p. 9, 294 So.3d at 573 (citations omitted).

## Contempt Ruling

Ms. Vidger argues the contempt proceeding is criminal in nature; thus, the elements of direct contempt must be proven beyond a reasonable doubt. We agree.

The trial court found Ms. Vidger to be in direct contempt under La. C.C.P. arts. 222, 222.1 and 223.[5] La. C.C.P. art. 222 provides, in pertinent part:

> A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record.
>
> Any of the following acts constitutes a direct contempt of court:
>
> (1) Contumacious, insolent, or disorderly behavior toward the judge, or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
>
> (2) Breach of peace, boisterous conduct, or violent disturbance tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
>
> (3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court;
>
> (4) Violation of a rule of the court adopted to maintain order and decorum in the court room… .

---

[5] La. C.C.P. art. 222.1 is entitled "Direct contempt; fingerprinting and photographing; exception" and is not relevant to the current matter.

La. C.C.P. art. 223 provides:

> A person who has committed a direct contempt of court may be found guilty and punished therefor by the court forthwith, without any trial other than affording him an opportunity to be heard orally by way of defense or mitigation. The court shall render an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed.

In the case *sub judice*, the trial court found Ms. Vidger in contempt and imposed a fine. This finding was based on the contumacious behavior exhibited in the immediate view and presence of the trial court at the June 20, 2023 eviction proceeding. The trial court found Ms. Vidger's behavior to be "unprofessional, rude, contemptuous, impatient, insulting to the [c]ourt, and her actions and demeanor…was a violation of the rules for contempt." The trial court also pointed out Ms. Vidger's further disrespect which was evidenced by her slamming the courtroom door upon exiting. The judgment holding Ms. Vidger in contempt punished her for contemptuous behavior. Additionally, the judgment ordered Ms. Vidger to pay a fine of $99.99 "to the registry of the Court from her personal funds" and is therefore punitive. As Ms. Vidger's punishment is due to a finding of contemptuous conduct and the punishment is punitive, the contempt proceeding is criminal in nature.

A review of the record reveals sufficient evidence to support the trial court's finding of contempt of court. The trial court noted that on previous occasions Ms. Vidger displayed contemptuous conduct requiring the trial court to caution her about the behavior. The pattern of Ms. Vidger's contemptuous behavior escalated at the June 20, 2023 eviction proceeding. The verbal exchange became more contentious when Ms. Vidger continued to complain about the trial court's denial of her request for a continuance. Ms. Vidger became exacerbated and complained that the trial court afforded more leniency to the plaintiff while not providing her the same.[6] The trial court admonished Ms. Vidger multiple times yet her behavior

---

[6] Courts have recognized the need to grant *pro se* litigants a certain degree of latitude in court proceedings "because they lack formal training in the law and rules of procedure." *In re Med. Review Panel Claim of Scott*, 2016-0145, pp. 14-15 (La.App. 4 Cir. 12/14/16), 206 So.3d 1049, 1058.

9

did not improve. Her behavior became so disruptive that it required the trial court to pause the business of the court. Ms. Vidger apologized and noted that she did not intend to be disrespectful. However, Ms. Vidger's apology appeared disingenuous to the trial court.

We recognize the trial court "is best aware of the variations in the demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said… ." *State through Dep't of Children & Family Servs. Child Support Enf't v. Knapp*, 2016-0979, p. 16 (La.App. 4 Cir. 4/12/17), 216 So.3d 130, 141. Our Supreme Court "has emphasized the importance of deferring to the trier of fact's findings, 'as the trier of fact is not disadvantaged by the review of a cold record,' and 'is in a superior position to observe the nuances of demeanor evidence not revealed in a record.'" *Purvis v. Grant Par. Sch. Bd.*, 2013-1424, p. 6 (La. 2/14/14), 144 So.3d 922, 927 (quoting *Adkins v. Huckabay*, 1999-3605, p. 16 (La. 2/25/00), 755 So.2d 206, 215) (citation omitted). Our review of the record indicates the trial court articulated sufficient grounds, beyond a reasonable doubt, to hold Ms. Vidger in direct contempt of court. We recognize that our review of the record is void of vocal inflection and demeanor; however, even our review of a cold record demonstrates Ms. Vidger's contemptuous and disrespectful behavior towards the trial court. Accordingly, we find the trial court did not err in finding Ms. Vidger in direct contempt.

## Decree

For the foregoing reasons, the trial court's July 10, 2023 judgment is affirmed.

**AFFIRMED**

10